BOOTH, Judge.
This cause is before us on appeal from a judgment and sentence for sexual battery on a child less than 12 years of age. On appeal, appellant contends, inter alia, that the trial court erred in allowing into evidence the videotaped testimony of the child victim, because evidence of the necessity for the procedure was insufficient and the trial court failed to make findings required by Maryland v. Craig, 497 U.S. 836, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990).
Prior to trial, the State filed a motion to allow the videotape testimony of the victim under section 92.53, Florida Statutes,[1] in lieu of live testimony. This and other matters came on for pretrial evidentiary hearing. The State presented expert and lay testimony which would, if accepted, support the finding required by section 92.53, Florida Statutes, of substantial likelihood that the victim would suffer moderate emotional or mental harm if required to testify in open court. Appellant objected to the procedure. His argument was that the evidence was insufficient to support this finding and that, in any event, he was entitled to be present during the videotaping in such a manner that the victim and he would be able to see one another during the victim’s testimony. The trial court took the matter under advisement and determined to rule after viewing the discovery deposition of the victim. Subsequently, the trial court found, based upon his observation of the deposition and upon the other testimony, that the victim would suffer “a substantial likelihood of moderate emotional harm if he were required to testify in the full courtroom setting with jury and other witnesses available.”
Appellant made no objection when the victim’s videotape testimony was offered at trial, but at the close of the State’s case, renewed “all of my previous motions and objections that have been made to this point, both prior to the start of trial and during the trial.” Appellant made a similar renewal at the close of the evidence. At that point, all of appellant’s objections *59 had been to the sufficiency of the evidence to support the proceeding.
On appeal, appellant argues, for the first time, that the trial court erred in allowing the victim’s testimony to be videotaped outside of his presence, because the trial court failed to make findings that meet the requirements of Maryland v. Craig, 497 U.S. 836, 110 S.Ct. 3157. In Craig, the court held with unmistakable clarity (497 U.S. at 846, 110 S.Ct. at 3169):
Accordingly, we hold that, if the State makes an adequate showing of necessity, the state interest in protecting child witnesses from the trauma of testifying in a child abuse case is sufficiently important to justify the use of a special procedure that permits a child witness in such cases to testify at trial against a defendant in the absence of face-to-face confrontation with the defendant.
The requisite finding of necessity must of course be a case-specific one: the trial court must hear evidence and determine whether use of the one-way closed circuit television procedure is necessary to protect the welfare of the particular child witness who seeks to testify.... The trial court must also find that the child witness would be traumatized, not by the courtroom generally, but by the presence of the defendant, [emphasis added]
We conclude, however, that appellant has failed to preserve this issue for appellate review. Feller v. State, 617 So.2d 1091 (Fla. 1st DCA 1993) (although defendant requested that he be present during videotaping of child victim’s testimony, he did not object to the trial court’s failure to make specific findings under section 92.53, Florida Statutes, and therefore failed to preserve this issue for appellate review); Hopkins v. State, 608 So.2d 33, 36 (Fla. 1st DCA 1992), review granted, 618 So.2d 1368 (Fla.1992) (although defendant raised an objection to the trial court’s decision to permit the child victim to testify by closed-circuit television under section 92.54, Florida Statutes, that was “couched in terms of a confrontation rights argument,” the defendant failed to object to the lack of specificity of the trial court’s findings and therefore failed to preserve the issue for appellate review); Sanders v. State, 568 So.2d 1014, 1015 (Fla. 3d DCA 1990), review denied, 581 So.2d 166 (Fla.1991) (even if the trial court failed to make specific findings required by section 92.54, Florida Statutes, to allow child victim to testify by closed-circuit television, no reversible error occurred because the defendant failed to challenge the competency of an expert witness’s testimony or the sufficiency of the trial judge’s findings).
Had appellant raised his present argument in the trial court, the trial court would have had the opportunity to determine whether the requirements of Maryland v. Craig were or were not met, and could have required the State to present additional evidence, denied the motion to videotape the victim’s testimony, or ordered that appellant be present during the videotaping of the testimony. It would be unreasonable to require retrial or a new evidentiary hearing on the State’s motion to present videotape testimony[2] with the attendant cost to the State, inconvenience to the witnesses, and trauma to the child victim, on the basis of a deficiency which, if brought to the trial court’s attention,[3] would have been timely cured.
The United States Supreme Court in Coy v. Iowa, 487 U.S. 1012, 1021, 108 S.Ct. 2798, 2803, 101 L.Ed.2d 857 (1988), held that confrontation clause violations, including improper denial of face-to-face confrontation, are subject to harmless error analy *60 sis. An error which may be categorized as harmless, however, may nevertheless be categorized as fundamental. State v. Clark, 614 So.2d 453 (Fla.1992); but see Gibson v. State, 533 So.2d 338, 339 (Fla. 5th DCA 1988) (an error which may be categorized as harmless may be waived if not objected to).
Recent decisions of this court have certified to the Supreme Court the issue of whether the failure to make findings required under sections 92.53 (permitting videotaped testimony of a child victim) and 92.54, Florida Statutes (permitting closed-circuit television testimony by a child victim), constitutes fundamental error. Feller, 617 So.2d 1091; and Hopkins, 608 So.2d at 37. We therefore certify the following question to the Florida Supreme Court as a question of great public importance:
WHETHER IT IS FUNDAMENTAL ERROR FOR THE TRIAL COURT TO FAIL TO MAKE THE FINDINGS REQUIRED BY SECTION 92.53, FLORIDA STATUTES, AND MARYLAND V CRAIG PRIOR TO ALLOWING THE VIDEOTAPING OF A CHILD VICTIM’S TESTIMONY WITHOUT FACE-TO-FACE CONFRONTATION WITH THE DEFENDANT.
For the foregoing reasons, the judgment appealed from is affirmed.
SMITH, J., concurs.
ALLEN, J., specially concurs with written opinion.

. Section 92.53, Florida Statutes, provides in pertinent part:
(1) On motion and hearing in camera and a finding that there is a substantial likelihood that a victim or witness who is under the age of 16 would suffer at least moderate emotional or mental harm if he were required to testify in open court ..., the trial court may order the videotaping of the testimony of the victim or witness in a sexual abuse case or child abuse case, whether civil or criminal in nature, which videotaped testimony is to be utilized at trial in lieu of trial testimony in open court.
[[Image here]]
(4) The defendant and the defendant’s counsel shall be present at the videotaping, unless the defendant has waived this right. The court may require the defendant to view the testimony from outside the presence of the child by means of a two-way mirror or another similar method that will ensure that the defendant can observe and hear the testimony of the child in person, but that the child cannot hear or see the defendant. The defendant and the attorney for the defendant may communicate by any appropriate private method.
[[Image here]]
(7) The court shall make specific findings of fact, on the record, as to the basis for its ruling under this section.

. The majority in Feller suggested that the appropriate remedy in a case in which a trial court fails to set forth its findings under section 95.53, Florida Statutes, with sufficient specificity may be remand to the trial court with instructions to specifically set forth its findings. While we do not disagree, it would appear that in this case, a new evidentiary hearing would be required because the evidence adduced at the hearing below was insufficient to permit the trial court to find that the presence of appellant, rather than the courtroom generally, would be traumatizing to the child victim.

. Maryland v. Craig was decided several months prior to the trial of this case.