883 So.2d 861 (2004)
Jarvon NEELEY, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-2074.
District Court of Appeal of Florida, First District.
August 31, 2004.
*862 Nancy A. Daniels, Public Defender and Glenna Joyce Reeves, Assistant Public Defender, Tallahassee, for Appellant.
Charles J. Crist, Jr., Attorney General and Karen M. Holland, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellee.
HAWKES, J.
The trial court erred in admitting into evidence a hospital record that contained the following statement: "32 BM shot multiple times ?able .22 from arrested assailant @ range of `right up on me.' C/o of pain in chest and face." We reverse.

Identity an issue
The victim, driving with his girlfriend next to him and Appellant in the back seat, *863 was intending to obtain change so that his girlfriend could purchase drugs from Appellant. Shots were fired, the victim suffered multiple wounds, including one to the head, and the vehicle crashed into another vehicle. These facts are undisputed.
The dispute exists as to who shot the victim. The victim, due to his injuries, has no recall of these events. Both the girlfriend and Appellant deny shooting the victim. Both had blood on their clothing. Testimony from crime scene technicians indicated the blood on Appellant's clothing matched that of the victim. However, the blood found on the girlfriend's shirt was never tested. They both initially fled the scene. Appellant admitted to lying about his identity when he was apprehended. Testing failed to reveal gunshot residue on either one. Neither saw the other shoot the victim. The treating physician testified it was possible, although not certain, that one of the shots was fired from behind the victim.

Harmless Error Analysis
Appellant's first claim of error deals with the admission of the statement contained in the medical report. The treating physician testified that, though she did not prepare the medical report herself or record the statement, it was one made in the regular course of hospital business, and would have been made at the time of the victim's arrival. The records and inevitably, the statement, were admitted into evidence over the defense's objection that the statement: was covered by a motion in limine regarding hearsay testimony; was not taken by the physician who authenticated the record; and constituted hearsay on hearsay. After cross-examination, defense counsel renewed his objection, which was overruled.
Appellant contested the phrase: "from arrested assailant," which was included in the medical record. The phrase is clearly hearsay. There are two grounds upon which the trial court may have based its admission of the contested phrase. The first is the business records exception. See § 90.803(6)(a), Fla. Stat. (2001). The second is the exception for statements relevant to medical diagnosis or treatment. See § 90.803(4), Fla. Stat. (2001). Neither is appropriate.
While the medical record itself could qualify under the business record exception, it is clear the contested phrase contained therein could not because the resident who took the statement had no personal knowledge of the facts, and the victim was under no business duty to transmit the statement. See Van Zant v. State, 372 So.2d 502, 503 (Fla. 1st DCA 1979) (holding "when a business record contains a hearsay statement, the admissibility of the record depends on whether the hearsay statement in the record would itself be admissible under some exception to the hearsay rule.").
Neither does the contested phrase qualify under the medical treatment exception, because it was not relevant to medical diagnosis or treatment. See Torres-Arboledo v. State, 524 So.2d 403, 407 (Fla.1988) (noting victim's statement that he was shot admissible because relevant to medical diagnosis or treatment; remainder of statement, that it occurred while black people tried to steal his medal, inadmissible because not relevant to medical diagnosis or treatment).[1] While the portion of the statement that he was shot multiple times qualifies as relevant to medical diagnosis *864 or treatment, the portion that reads "from arrested assailant" does not.
While conceding the phrase was admitted in error, the state first argues the issue was not preserved. We disagree. When a party makes a hearsay objection, a trial court must consider all possible hearsay violations, exceptions, and exclusions. See Richardson v. State, 875 So.2d 673, 676 (Fla. 1st DCA 2004) (general hearsay objection is sufficient to preserve for appellate review the failure of the proponent to lay a proper predicate).
The state next urges us to find the error was harmless. We decline. The case centered on the credibility of the girlfriend and Appellant, because the victim was unable to testify. Though the contested phrase did not mention Appellant by name, it referred to the "arrested assailant," and Appellant was the only person arrested.
It is the state's burden to prove the error did not contribute to the verdict. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986) (it is the state's burden to prove beyond a reasonable doubt that the error did not contribute to the verdict). However, without the contested phrase, we are unable to conclude that the blood evidence, Appellant's flight upon seeing the police, or his initial untruthfulness regarding his identity would be sufficient to convince a jury Appellant was guilty beyond and to the exclusion of every reasonable doubt. Even considering the treating physician's testimony, regarding the location from where the shots might have been fired, would not allow us to reach such a conclusion.
Significantly, during closing arguments, the state recited the contested phrase verbatim, and argued that inferences from the contested phrase supported a conclusion that Appellant was guilty. For example, the state argued the jury could infer the victim knew his girlfriend's name and would have used her name had she been the shooter, but, conversely, he did not know Appellant's name, and thus, simply referred to him as the "arrested assailant." Hearsay evidence indicating the accused is guilty of the crime is "far more egregious and harmful than the admission of material directed to an unrelated collateral wrong." Keen v. State, 775 So.2d 263, 275 (Fla.2000).
Without this hearsay evidence, jurors might have had a reasonable doubt as to the shooter's identity. Because the state failed to prove beyond a reasonable doubt that the statement did not contribute to the verdict, we cannot conclude its admission was harmless.
Because the hearsay issue is dispositive, it is unnecessary to address Appellant's second claim regarding improper judicial comments.
REVERSED and REMANDED for a new trial.
WOLF, C.J., and BROWNING, J., concur.
NOTES
[1] See also Conley v. State, 620 So.2d 180, 183-84 (Fla.1993) (holding rape victim's statement that she was raped admissible, but statement that it occurred at gunpoint inadmissible because it was not necessary for medical treatment).