967 So.2d 832 (2007)
FLORIDIANS FOR A LEVEL PLAYING FIELD, Petitioner,
v.
FLORIDIANS AGAINST EXPANDED GAMBLING, et al., Respondents.
No. SC06-2505.
Supreme Court of Florida.
September 27, 2007.
*833 Bruce S. Rogow and Cynthia E. Gunther of Bruce S. Rogow, P.A., Fort Lauderdale, FL, Wilbur E. Brewton and Tana D. Storey of Roetzel and Andress, LPA, Tallahassee, FL, John M. Hogan of Holland and Knight, LLP, Miami, FL, and Thomas R. Julin and Jamie Z. Isani of Hunton and Williams, LLP, Miami, FL, for Petitioner.
John H. Pelzer of Ruden, McClosky, Smith, Schuster and Russell, P.A., Fort Lauderdale, FL, Bill McCollum, Attorney General, Scott D. Makar, Solicitor General and Timothy D. Osterhaus, Deputy Solicitor General, Tallahassee, FL, and Lynn C. Hearn, General Counsel, Department of State, Tallahassee, FL, for Respondents.
PARIENTE, J.
We have for review the decision in Floridians Against Expanded Gambling v. Floridians for a Level Playing Field, 945 So.2d 553 (Fla. 1st DCA 2006), in which the First District Court of Appeal certified a question to be of great public importance. Initially, the Court accepted review pursuant to article V, section 3(b)(4) of the Florida Constitution, which gives us discretionary jurisdiction to review "any decision of a district court of appeal that passes upon a question certified by it to be of great public importance." Upon further consideration, we conclude that jurisdiction was improvidently granted and therefore discharge this case for the two reasons explained below.
In order to have discretionary jurisdiction based on a certified question, there are essentially three prerequisites that must be met. First, it is essential that the district court of appeal pass upon the question certified by it to be of great public importance. We have previously discharged jurisdiction where the district court of appeal has not in fact passed upon the question certified.[1] Second, there must be a district court "decision" to review. See art. V, § 3(b)(4), Fla. Const. For instance, where a district court is unable to reach a clear majority decision on an issue and elects to certify a question without resolving the merits, we are without jurisdiction to answer such a question under article V, section 3(b)(4) of the Florida Constitution. See Boler v. State, 678 So.2d 319, 320 n. 2 (Fla.1996) (stating that if a district court is evenly split on a legal issue and specifically withholds a decision on the merits, there is no "decision" on which to base certified conflict review under article V, section 3(b)(4)). Third, and most important for this case, the question must be in fact "certified" by a majority decision of the district court. For the same reasons that we are without jurisdiction under article V, section 3(b)(4) if there is no majority decision on the merits, we are equally without jurisdiction if there is no clear majority on the decision to certify. Accordingly, we conclude that under article V, section 3(b)(4) of the Florida Constitution, it is required that a majority of those judges participating in the case concur in the decision to certify.
In this case, only six of the twelve judges that participated in the en banc decision concurred in certification.[2] *834 Five judges, although concurring in the majority decision, disagreed with the decision to certify. Importantly, Judge Benton did not fully concur with the majority decision; rather, Judge Benton only concurred in the judgment. This vote indicates Judge Benton's agreement only with the judgment of the majority; that is, its decision to reverse the summary judgment and remand. See Home Dev. Co. of St. Petersburg v. Bursani, 168 So.2d 131, 134 (Fla.1964) (distinguishing between the judgment, which is essentially the ultimate decision in the case, and the opinion, which sets "forth the theory and reasoning upon which a decision" is reached); see also Black's Law Dictionary 858 (8th ed. 2004) (defining judgment as "[a] court's final determination of the rights and obligations of the parties in a case"). In this sense, "concurring in the judgment" is akin to "concurring in result only," which "expresses agreement with the ultimate decision but not the opinion." Rowe v. Winn-Dixie Stores, Inc., 714 So.2d 1180, 1181 (Fla. 1st DCA 1998), disapproved on other grounds by Owens v. Publix Supermarkets, Inc., 802 So.2d 315 (Fla.2001); accord Harry Lee Anstead, Gerald Kogan, Thomas D. Hall & Robert Craig Waters, The Operation and Jurisdiction of the Supreme Court of Florida, 29 Nova L.Rev. 431, 460 (2005) ("A concurring in result only opinion indicates agreement only with the decision, that is, the official outcome and result reached, but a refusal to join in the majority's opinion and its reasoning.").
Conversely, certification is separate from the judgment of the court and its reasoning for the judgment as expressed in its opinion. This is evident by comparing the definition of judgment, i.e., "[a] court's final determination of the rights and obligations of the parties in a case," with the definition of a certified question, i.e., "[a] point of law on which a[n] . . . appellate court seeks guidance" from a higher court by the procedure of certification. Black's Law Dictionary at 858, 241 (emphasis supplied). Moreover, there are separate and specific rules that both permit a party to file a motion seeking certification and authorize the district court to certify the question. Compare Fla. R.App. P. 9.030(a)(2)(A)(v) (granting discretionary jurisdiction to the Court if a district court decision certifies a question), with Fla. R.App. P. 9.330(a) (authorizing a party to a file motion for certification to the district court); cf. Floridians, 945 So.2d at 562 (reversing summary judgment and remanding for a trial, and then certifying two questions to the Court, specifically in accordance with article V, section 3(b)(4) of the Florida Constitution and Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v)). We conclude that by "concurring in the judgment" and failing to indicate his agreement with the decision to certify, Judge Benton's vote cannot be counted as agreeing with the certification. Cf. Hadden v. State, 670 So.2d 77, 83 (Fla. 1st DCA 1996) (Benton, J., concurs in result and in certification) (indicating Judge Benton's agreement with the result and the decision to certify, but disagreement with the reasoning of the majority opinion).
Even assuming that we had jurisdiction based on either a certification of a question of great public importance or express and direct conflict under article V, section 3(b)(3) of the Florida Constitution, we would nevertheless decline to exercise our jurisdiction. After having reviewed the opinions from this Court that deal with post-election challenges based on various issues regarding the election process, we have determined that it is preferable that the facts of this case be developed regarding the allegations and pervasiveness of the fraud before we articulate a rule of law regarding the election cure doctrine in such circumstances. This is the position advocated by the Secretary of State, Kurt *835 S. Browning, and the Department of State represented by its General Counsel and the Attorney General. As stated in its answer brief:
The long-standing principle that an election cures irregularities in the process and thereby promotes finality and administrative efficiency is a weighty one; similarly, the ability of citizens to amend the state constitution through the initiative process without fraud is extremely important. This Court should avoid making rulings affecting the application of these principles until the specific allegations of fraud are adjudicated. A fully-developed record with a proven set of facts will allow this Court to carefully consider and balance the competing legal principles; that cannot properly be done based on speculative, unproven factual allegations.
Answer Brief of Respondent Secretary of State at 6.
We believe that the position of the Attorney General is a sound one and conclude, as an alternative basis for discharging jurisdiction, that review in this case is premature.[3] Accordingly, we hereby discharge jurisdiction and dismiss this review proceeding.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, QUINCE, CANTERO, and BELL, JJ., concur.
NOTES
[1] See Pirelli Armstrong Tire Corp. v. Jensen, 777 So.2d 973 (Fla.2001); Salgat v. State, 652 So.2d 815 (Fla.1995); Gee v. Seidman & Seidman, 653 So.2d 384 (Fla.1995).
[2] Three judges, Judges Browning, Webster and Lewis, concurred in the judgment and the certification; Judge Benton concurred in the judgment only; three judges, Judges Kahn, Ervin, and Wolf, dissented as to the reasoning and result reached by the majority but concurred in the certification; and five judges, Judges Padovano, Barfield, Davis, Polston, and Hawkes, joined "the decision and opinion on this issue presented" but dissented from the court's decision to certify. Three judges, Judges Allen, Van Nortwick and Thomas, did not participate in the en banc panel.
[3] Although we agree that review in this case would be premature, we disagree with Judge Padovano to the extent he reasons that certified question jurisdiction was only "meant to apply to a final decision by a district court of appeal." Floridians, 945 So.2d at 568 (Padovano, J., concurring in part and dissenting in part).