2 So.3d 287 (2007)
Willie Brooks MITCHELL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-2852.
District Court of Appeal of Florida, Second District.
December 14, 2007.
*288 James Marion Moorman, Public Defender, and Siobhan Helene Shea, Special Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and John M. Klawikofsky, Assistant Attorney General, Tampa, for Appellee.
KELLY, Judge.
Willie Brooks Mitchell appeals his judgment and life sentence for attempted first-degree murder and armed burglary of a dwelling with an assault or battery. Mr. Mitchell has raised a number of issues; however, because we find it dispositive, we address only his contention that the trial court should have suppressed the statement he made to police after he was taken into custody. See Abshire v. State, 642 So.2d 542 (Fla.1994) (addressing only one of eighteen issues raised by the appellant based on a finding that the issue was dispositive of the case); Neeley v. State, 883 So.2d 861 (Fla. 1st DCA 2004) (finding it unnecessary to address the second issue on appeal, where the first was dispositive). We reverse.
Mr. Mitchell contends the trial court should have suppressed his statement because the Miranda[1] warnings the police read him were inadequate in that they did not specifically inform him of the right to have counsel present during questioning. *289 This court recently considered this issue in Powell v. State, 969 So.2d 1060 (Fla. 2d DCA 2007), and held that the identical Miranda warnings did not adequately convey to a suspect the right to have counsel present during questioning.[2] In light of this court's decision in Powell, we agree with Mr. Mitchell that the warnings he received were inadequate and that the State should not have been permitted to use his statement as evidence in its case-in-chief. See United States v. Patane, 542 U.S. 630, 124 S.Ct. 2620, 159 L.Ed.2d 667 (2004). As we did in Powell, we certify the following question as one of great public importance pursuant to article V, section 3(b)(4), of the Florida Constitution and Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v):
DOES THE FAILURE TO PROVIDE EXPRESS ADVICE OF THE RIGHT TO THE PRESENCE OF COUNSEL DURING QUESTIONING VITIATE MIRANDA WARNINGS WHICH ADVISE OF BOTH (A) THE RIGHT TO TALK TO A LAWYER "BEFORE QUESTIONING" AND (B) THE "RIGHT TO USE" THE RIGHT TO CONSULT A LAWYER "AT ANY TIME" DURING QUESTIONING?
Despite this error, we need not reverse if we can conclude beyond a reasonable doubt that admission of the statement was harmless. See Caso v. State, 524 So.2d 422, 425 (Fla.1988) ("The erroneous admission of statements obtained in violation of Miranda rights is subject to harmless error analysis."). To establish harmless error, the State must prove beyond a reasonable doubt that the error did not contribute to the conviction. State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986). "Application of the test requires an examination of the entire record by the appellate court including a close examination of the permissible evidence on which the jury could have legitimately relied, and in addition an even closer examination of the impermissible evidence which might have possibly influenced the jury verdict." Id.; see also Crumbley v. State, 876 So.2d 599 (Fla. 5th DCA 2004).
The State's evidence at trial established that on the night of February 24, 1997, the victim, who was seventy-two years old, was at home in bed when she heard a noise in another bedroom and went to investigate. She testified that when she opened the door she saw a tall, thin, black man. The man, who was wielding a knife, grabbed her and began stabbing her, first in the neck and then in the head and hand, as he dragged her though the house and "ransacked every chest of drawers and [her] dresser." The attack lasted ten to fifteen minutes and left the victim with fourteen stab wounds, a punctured lung, a cut voice box, and fifteen stitches in her hand. She also lost two pints of blood.
Although the offense occurred in February 1997, Mr. Mitchell was not arrested until July 2003, and his trial did not commence until March 2005. The only evidence placing Mr. Mitchell inside the victim's home was his statement.[3] The victim *290 was never able to identify Mr. Mitchell as her assailant even though she stated that she got a good look at the intruder. When asked at trial and during her deposition to describe her assailant, the victim gave varying estimates of his age and stature; however, none of her descriptions matched Mr. Mitchell. No physical evidence linked Mr. Mitchell to the inside of the victim's home although the State did offer testimony that DNA and a fingerprint taken from a piece of broken glass found outside the home matched Mr. Mitchell. During cross-examination, the defense was able to cast doubt on the reliability of the DNA and fingerprint evidence. In closing argument, the State invited the jury to rely on Mr. Mitchell's statement if they doubted the physical evidence. Under these circumstances, we cannot conclude beyond a reasonable doubt that the admission of Mr. Mitchell's statement did not contribute to the verdict. Accordingly, we reverse and remand for a new trial.
Reversed and remanded.
DANAHY, PAUL W., Senior Judge, Concurs.
ALTENBERND, J., Concurs with opinion.
ALTENBERND, Judge, Concurring.
I fully agree that the outcome of this case is determined by this court's opinion in Powell. I also agree with the certified question.
I would have dissented in Powell, as reflected by my vote in M.A.B. v. State, 957 So.2d 1219, 1220 (Fla. 2d DCA 2007) (en banc) (Canady, J., concurring), review granted, 962 So.2d 337 (Fla.2007). In M.A.B., the active judges on this court voted to a tie on the sufficiency of the Miranda warning contained in a written form that is commonly used by law enforcement officers in this district. Judge Kelly also joined Judge Canady's concurring opinion in M.A.B. and dissented to the primary holding in Powell. Powell, 969 So.2d at 1068 (Kelly, J., concurring in part and dissenting in part). Because this court was uncertain whether the supreme court had jurisdiction to review a tie vote, the members of this court permitted Powell to issue as a panel opinion. See Powell, 969 So.2d at 1063 n. 5; see also Floridians For A Level Playing Field v. Floridians Against Expanded Gambling, 967 So.2d 832 (Fla.2007). Because this issue is now pending before the Florida Supreme Court in M.A.B., I conclude it is now appropriate to accept Powell as the law in this district and not to pursue further en banc consideration of this issue. In future cases raising this issue as in this case, I will join in all certified questions of this issue to the supreme court.
Powell effectively establishes a per se rule that the standard Miranda form used by many police departments is defective as a matter of law and that all statements made during an interview in which the defendant signs this form are inadmissible. The court will be permitted to affirm such cases only in the rare instance in which we can conclude that the admission of the confession was harmless beyond a reasonable doubt.
Miranda warnings are not, as a general rule, read to English majors or philosophers studying theoretical linguistics. While I cannot deny that the content of the warning is important, in my mind the critical function of such a warning is to communicate by both words and actions to *291 a person of average intelligence (1) that the giving of a statement to the police can have serious legal consequences, (2) that the person is not obligated to provide the statement, (3) that the matter is serious enough that the person may need to consult with a lawyer, and (4) that the State will provide a lawyer upon request and without continuing questioning if the person indicates he wants one and cannot afford one. The form we declared to be deficient in Powell, in my opinion, accomplishes this critical function.[4] I am simply not convinced that information beyond this basic warning is constitutionally essential.
Given the legal uncertainty surrounding these warnings and in light of the fact that police departments seem to create their own new versions of the Miranda warning on a regular basis, I would encourage the Attorney General or the legislature to consider creating standard forms for use throughout the state that are sufficient to withstand legal scrutiny.
At this time, there is no case that expressly conflicts with Powell. As a result, all trial courts in Florida are bound to follow Powell unless they conclude that another opinion of the district court in their district controls, see Chapman v. Pinellas County, 423 So.2d 578, 580 (Fla. 2d DCA 1982), or unless this court or the supreme court stays the legal authority of Powell pending review in the supreme court. Given the impact that the holding in Powell could have throughout the state, I hope that the matter can be resolved as soon as possible in the supreme court.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[2] The written warning stated as follows:

You have the right to remain silent. If you give up the right to remain silent, anything you say can be used against you in court. You have the right to talk to a lawyer before answering any of our questions. If you cannot afford to hire a lawyer, one will be appointed for you without cost and before any questioning. You have the right to use any of these rights at any time you want during this interview.
[3] We have not overlooked testimony given by Officer Groves that several hours after the attack he interviewed the victim at the hospital and she told him her attacker was six feet tall. As Mr. Mitchell correctly argues, that testimony was properly objected to as hearsay, and it should not have been admitted. Because it was not properly before the jury, we have not considered it in our harmless error analysis. See DiGuilio, 491 So.2d at 1135.
[4] I recognize that Miranda requires that even statements that are otherwise voluntary must be excluded from evidence if they are made without the required warning. See Oregon v. Elstad, 470 U.S. 298, 307, 105 S.Ct. 1285, 84 L.Ed.2d 222 (1985). I note, however, that if the Miranda warnings provided were hereafter deemed to be sufficient, there is nothing in this record to suggest these statements were anything but voluntary. The record in this respect is not well developed because Mr. Mitchell did not file a pretrial motion to suppress as generally required, see Fla. R.Crim. P. 3.190(i)(2), but rather raised the issue at trial. Nevertheless, the record suggests that these warnings were given to Mr. Mitchell while he was incarcerated for another crime and that Mr. Mitchell may have had more than a passing familiarity with his rights under Miranda in light of his prior record.