KELLY, Judge.
Willie Brooks Mitchell appeals his judgment and life sentence for attempted first-degree murder and armed burglary of a dwelling with an assault or battery. Mr. Mitchell has raised a number of issues; however, because we find it dispositive, we address only his contention that the trial court should have suppressed the statement he made to police after he was taken into custody. See Abshire v. State, 642 So.2d 542 (Fla.1994) (addressing only one of eighteen issues raised by the appellant based on a finding that the issue was dispositive of the case); Neeley v. State, 883 So.2d 861 (Fla. 1st DCA 2004) (finding it unnecessary to address the second issue on appeal, where the first was dispositive). We reverse.
Mr. Mitchell contends the trial court should have suppressed his statement because the Miranda[1] warnings the police read him were inadequate in that they did not specifically inform him of the right to have counsel present during ques *289 tioning. This court recently considered this issue in Powell v. State, 969 So.2d 1060 (Fla. 2d DCA 2007), and held that the identical Miranda warnings did not adequately convey to a suspect the right to have counsel present during questioning.[2] In light of this court’s decision in Powell, we agree with Mr. Mitchell that the warnings he received were inadequate and that the State should not have been permitted to use his statement as evidence in its case-in-chief. See United States v. Patane, 542 U.S. 630, 124 S.Ct. 2620, 159 L.Ed.2d 667 (2004). As we did in Powell, we certify the following question as one of great public importance pursuant to article V, section 3(b)(4), of the Florida Constitution and Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v):
DOES THE FAILURE TO PROVIDE EXPRESS ADVICE OF THE RIGHT TO THE PRESENCE OF COUNSEL DURING QUESTIONING VITIATE MIRANDA WARNINGS WHICH ADVISE OF BOTH (A) THE RIGHT TO TALK TO A LAWYER “BEFORE QUESTIONING” AND (B) THE “RIGHT TO USE” THE RIGHT TO CONSULT A LAWYER “AT ANY TIME” DURING QUESTIONING?
Despite this error, we need not reverse if we can conclude beyond a reasonable doubt that admission of the statement was harmless. See Caso v. State, 524 So.2d 422, 425 (Fla.1988) (“The erroneous admission of statements obtained in violation of Miranda rights is subject to harmless error analysis.”). To establish harmless error, the State must prove beyond a reasonable doubt that the error did not contribute to the conviction. State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986). “Application of the test requires an examination of the entire record by the appellate court including a close examination of the permissible evidence on which the jury could have legitimately relied, and in addition an even closer examination of the impermissible evidence which might have possibly influenced the jury verdict.” Id.; see also Crumbley v. State, 876 So.2d 599 (Fla. 5th DCA 2004).
The State’s evidence at trial established that on the night of February 24, 1997, the victim, who was seventy-two years old, was at home in bed when she heard a noise in another bedroom and went to investigate. She testified that when she opened the door she saw a tall, thin, black man. The man, who was wielding a knife, grabbed her and began stabbing her, first in the neck and then in the head and hand, as he dragged her though the house and “ransacked every chest of drawers and [her] dresser.” The attack lasted ten to fifteen minutes and left the victim with fourteen stab wounds, a punctured lung, a cut voice box, and fifteen stitches in her hand. She also lost two pints of blood.
Although the offense occurred in February 1997, Mr. Mitchell was not arrested until July 2003, and his trial did not commence until March 2005. The only evidence placing Mr. Mitchell inside the victim’s home was his statement.[3] The victim *290 was never able to identify Mr. Mitchell as her assailant even though she stated that she got a good look at the intruder. When asked at trial and during her deposition to describe her assailant, the victim gave varying estimates of his age and stature; however, none of her descriptions matched Mr. Mitchell. No physical evidence linked Mr. Mitchell to the inside of the victim’s home although the State did offer testimony that DNA and a fingerprint taken from a piece of broken glass found outside the home matched Mr. Mitchell. During cross-examination, the defense was able to cast doubt on the reliability of the DNA and fingerprint evidence. In closing argument, the State invited the jury to rely on Mr. Mitchell’s statement if they doubted the physical evidence. Under these circumstances, we cannot conclude beyond a reasonable doubt that the admission of Mr. Mitchell’s statement did not contribute to the verdict. Accordingly, we reverse and remand for a new trial.
Reversed and remanded.
DANAHY, PAUL W., Senior Judge, Concurs.
ALTENBERND, J., Concurs with opinion.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. The written warning stated as follows:
You have the right to remain silent. If you, give up the right to remain silent, anything you say can be used against you in court. You have the right to talk to a lawyer before answering any of our questions. If you cannot afford to hire a lawyer, one will be appointed for you without cost and before any questioning. You have the right to use any of these rights at any time you want during this interview.

. We have not overlooked testimony given by Officer Groves that several hours after the attack he interviewed the victim at the hospital and she told him her attacker was six feet tall. As Mr. Mitchell correctly argues, that testimony was properly objected to as hear *290 say, and it should not have been admitted. Because it was not properly before the jury, we have not considered it in our harmless error analysis. See DiGuilio, 491 So.2d at 1135.