ALTENBERND, Judge,
Concurring.
I fully agree that the outcome of this case is determined by this court’s opinion in Powell. I also agree with the certified question.
I would have dissented in Powell, as reflected by my vote in M.A.B. v. State, 957 So.2d 1219, 1220 (Fla. 2d DCA 2007) (en banc) (Canady, J., concurring), review granted, 962 So.2d 337 (Fla.2007). In M.A.B., the active judges on this court voted to a tie on the sufficiency of the Miranda warning contained in a written form that is commonly used by law enforcement officers in this district. Judge Kelly also joined Judge Canady’s concurring opinion in M.A.B. and dissented to the primary holding in Powell. Powell, 969 So.2d at 1068 (Kelly, J., concurring in part and dissenting in part). Because this court was uncertain whether the supreme court had jurisdiction to review a tie vote, the members of this court permitted Powell to issue as a panel opinion. See Powell, 969 So.2d at 1063 n. 5; see also Floridians For A Level Playing Field v. Floridians Against Expanded Gambling, 967 So.2d 832 (Fla.2007). Because this issue is now pending before the Florida Supreme Court in M.A.B., I conclude it is now appropriate to accept Powell as the law in this district and not to pursue further en banc consideration of this issue. In future cases raising this issue as in this case, I will join in all certified questions of this issue to the supreme court.
Powell effectively establishes a per se rule that the standard Miranda form used by many police departments is defective as a matter of law and that all statements made during an interview in which the defendant signs this form are inadmissible. The court will be permitted to affirm such cases only in the rare instance in which we can conclude that the admission of the confession was harmless beyond a reasonable doubt.
Miranda warnings are not, as a general rule, read to English majors or philosophers studying theoretical linguistics. While I cannot deny that the content of the warning is important, in my mind the critical function of such a warning is to communicate by both words and actions to *291 a person of average intelligence (1) that the giving of a statement to the police can have serious legal consequences, (2) that the person is not obligated to provide the statement, (3) that the matter is serious enough that the person may need to consult with a lawyer, and (4) that the State will provide a lawyer upon request and without continuing questioning if the person indicates he wants one and cannot afford one. The form we declared to be deficient in Powell, in my opinion, accomplishes this critical function.[4] I am simply not convinced that information beyond this basic warning is constitutionally essential.
Given the legal uncertainty surrounding these warnings and in light of the fact that police departments seem to create their own new versions of the Miranda warning on a regular basis, I would encourage the Attorney General or the legislature to consider creating standard forms for use throughout the state that are sufficient to withstand legal scrutiny.
At this time, there is no case that expressly conflicts with Powell. As a result, all trial courts in Florida are bound to follow Powell unless they conclude that another opinion of the district court in their district controls, see Chapman v. Pinellas County, 423 So.2d 578, 580 (Fla. 2d DCA 1982), or unless this court or the supreme court stays the legal authority of Powell pending review in the supreme court. Given the impact that the holding in Powell could have throughout the state, I hope that the matter can be resolved as soon as possible in the supreme court.

. I recognize that Miranda requires that even statements that are otherwise voluntary must be excluded from evidence if they are made without the required warning. See Oregon v. Elstad, 470 U.S. 298, 307, 105 S.Ct. 1285, 84 L.Ed.2d 222 (1985). I note, however, that if the Miranda warnings provided were hereafter deemed to be sufficient, there is nothing in this record to suggest these statements were anything but voluntary. The record in this respect is not well developed because Mr. Mitchell did not file a pretrial motion to suppress as generally required, see Fla. R.Crim. P. 3.190(i)(2), but rather raised the issue at trial. Nevertheless, the record suggests that these warnings were given to Mr. Mitchell while he was incarcerated for another crime and that Mr. Mitchell may have had more than a passing familiarity with his rights under Miranda in light of his prior record.