978 So.2d 252 (2008)
Walter Lee ATWELL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-1702.
District Court of Appeal of Florida, Second District.
April 4, 2008.
SILBERMAN, Judge.
Walter Lee Atwell appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm in all respects but write to address one of Atwell's claims.
Atwell asserts that defense counsel was ineffective for failing to move to suppress the statements that he made to two police detectives after he was given inadequate Miranda[1] warnings. He claims that one of the detectives informed him of his rights by reading from a defective Miranda form used by the Tampa Police Department. Among other things, he asserts that he was not informed of his right to have counsel present during questioning.
*253 This issue has recently received significant attention from this court. In Powell v. State, 969 So.2d 1060, 1063 (Fla. 2d DCA 2007), jurisdiction accepted, 973 So.2d 1123 (Fla.2008), this court held that a warning that a defendant has a right to counsel before questioning "failed to comply with state and federal constitutional requirements to adequately inform the accused of his or her right to have an attorney present throughout interrogation." Previously, in M.A.B. v. State, 957 So.2d 1219 (Fla. 2d DCA 2007) (en banc), review granted, 962 So.2d 337 (Fla.2007), this court was evenly divided as to the adequacy of the identical warning. Then in Graham v. State, 974 So.2d 440 (Fla. 2d DCA 2007), this court distinguished Powell and found that the Miranda warnings were adequate because they advised Graham of the right to the presence of an attorney without any timeframe limitation.
While the cited cases all arose in the direct appeal context, Atwell has raised this issue in his postconviction motion alleging ineffective assistance of trial counsel. The standards for relief applicable to postconviction motions differ from those applicable to direct appeals. In a direct appeal, the harmless error test requires the State to prove beyond a reasonable doubt that a trial court error  even an error implicating constitutional rights  did not contribute to the verdict. See State v. DiGuilio, 491 So. 2d 1129, 1135 (Fla.1986); State v. Bouchard, 922 So.2d 424, 428-29 (Fla. 2d DCA 2006) (en banc) (citing Sanders v. State, 847 So.2d 504 (Fla. 1st DCA 2003), approved, 946 So.2d 953 (Fla.2006)). For example, this court recently reiterated that the erroneous admission of a defendant's statement made after he was given an inadequate Miranda warning is subject to a harmless error analysis. See Mitchell v. State, 32 Fla. L. Weekly D2958, D2959, ___ So.2d ___, ___, 2007 WL 4355200 (Fla. 2d DCA Dec. 14, 2007). There, the court determined that the error was not harmless because the defendant's statement was the only evidence placing him inside the victim's home. Id.
By contrast, in a claim for postconviction relief, it is the defendant's burden to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Here, Atwell was tried for the armed robbery and kidnapping of four victims in a flower shop. Based on its review of the record, the postconviction court concluded that Atwell cannot meet his burden under Strickland. The court noted that "the State presented an overwhelmingly strong case that involved ample evidence apart from Defendant's statement" and attached portions of the record in support of its conclusion.
The trial transcript reflects that a fingerprint found at the crime scene was matched to Atwell. Three of the victims identified Atwell as the assailant from a photopak, and all four victims testified at trial and identified Atwell as one of the perpetrators. One victim testified that she received a letter from Atwell in which he admitted to participating in the robbery. We conclude that the postconviction court properly denied Atwell's motion on the basis that the record conclusively shows he is not entitled to any relief because he cannot establish prejudice under Strickland.
Finally, although not addressed by the postconviction court, we note that Atwell's statements to the detectives were made by him on July 17, 2002, while he was in jail *254 and after he requested to talk to one of the detectives. The trial in this case occurred in July 2003, before our recent opinions on the adequacy of the Miranda warning concerning the right to have counsel present during questioning. The trial was also prior to the Fourth District's decision in Roberts v. State, 874 So.2d 1225 (Fla. 4th DCA 2004). There, in a direct appeal, the Fourth District concluded that Roberts' post-arrest statement should have been suppressed because the Miranda warning that he had received failed to inform him of the right to have an attorney present during questioning. Id. at 1226.
We are mindful that "counsel cannot be deemed ineffective for failing to anticipate changes in the law." Diaz v. State, 810 So.2d 1023, 1025 (Fla. 2d DCA 2002). As did the postconviction court, we have resolved this case based on an analysis of the prejudice prong of Strickland without addressing whether counsel's performance was actually deficient under Strickland. Our opinion should not be interpreted as determining that defense counsel's performance was, in fact, deficient due to counsel's failure to raise the issue at a time prior to our recent decisions on the Miranda issue and prior to Roberts.
Affirmed.
ALTENBERND and VILLANTI, JJ., Concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).