PER CURIAM.
After Gary Lynn Sprouse sexually abused a young woman with Down syndrome, a jury convicted him of sexual battery on an intellectually disabled person and lewd or lascivious battery on a disabled adult. On appeal, he argues that the trial court should have granted his motion for judgment of acquittal, that his two convictions violate double jeopardy, and that the trial court should not have allowed the State to introduce hearsay evidence of the twenty-year-old victim’s statements. We affirm.
I.
First, Sprouse’s boilerplate motion for judgment of acquittal was insufficient to preserve the issue for appeal. See Stephens v. State, 787 So.2d 747, 753 (Fla. 2001). Regardless, the State presented sufficient evidence to withstand a motion for judgment of acquittal. Among other things, the State presented the victim’s statements and DNA evidence showing Sprouse’s semen in the victim’s underwear. Viewing all the evidence in a light most favorable to the State, as we must, see Ibeagwa v. State, 141 So.3d 246, 246-47 *787 (Fla. 1st DCA 2014), we find no error in denying the motion.
II.
We also reject Sprouse’s double jeopardy claim, which is foreclosed by State v. Drawdy, 136 So.3d 1209 (Fla. 2014). Double jeopardy principles do not prohibit separate convictions for multiple sexual offenses in one course of conduct. In Drawdy, for example, the Florida Supreme Court rejected the claim that double jeopardy precluded convictions for sexual battery and lewd or lascivious molestation. Id. at 1214 (“Drawdy was convicted of sexual battery for penetrating the victim’s vagina with his penis. He was convicted of lewd or lascivious molestation for intentionally touching the victim’s breasts in a lewd or lascivious manner during the vaginal penetration. These offenses are distinct criminal acts of a separate character and type.”). On this record, Sprouse has not met his burden of showing his multiple convictions violate double jeopardy. See Edwards v. State, 139 So.3d 981, 983 (Fla. 1st DCA 2014) (“Because Edwards has failed to demonstrate from the record that his two aggravated battery charges were based on a single act, he has failed to meet his burden to support a finding of double jeopardy.”).
III.
Finally, we turn to Sprouse’s hearsay argument. At trial, the victim and her mother both testified. The victim testified about what Sprouse did to her, and the mother testified about what the victim said Sprouse did to her. Sprouse argues that the mother’s testimony included inadmissible hearsay.
A.
The mother’s testimony unquestionably included hearsay — “out-of-court statements] offered to prove the truth of the matter asserted,” Lark v. State, 617 So.2d 782, 788 (Fla. 1st DCA 1993). The mother testified, for example, that the victim told her “[Sprouse] and [the victim] were in the bathroom and he put his private part to her private part.” That testimony was therefore admissible only if it satisfied one of the statutory hearsay exceptions. § 90.802, Fla. Stat. (2015).
Section 90.803(24), Florida Statutes, creates a hearsay exception for “out-of-court statements] made by an elderly person[1] or disabled adult ... describing any act of abuse or neglect ... or sexual battery” under certain conditions. § 90.803(24)(a), Fla. Stat. (2015). Before the exception can apply, the court must “find[ ] in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability.” Id. § 90.803(24)(a)l. In addition, the State must give criminal defendants pretrial notice of its intent to rely on the exception. Id. § 90.803(24)(b). Finally, the exception applies only if the “[t]he elderly person or disabled adult is unavailable as a witness [and] there is corroborative evidence of the abuse or offense.” Id. § 90.803(24)(a)2.
B.
Before trial, the State filed a notice of its intent to rely on hearsay statements pursuant to this exception, and the trial court held a hearing. The State proffered the mother’s testimony, and the State and Sprouse presented argument for and against a finding of reliability. Ultimately, *788 the trial court concluded that “the hearsay statements made by the alleged victim are reliable and will be admitted via the testimony of her mother.” Sprouse challenges that determination on appeal, but the trial court made sufficient findings to support its conclusion, and we find no abuse of discretion. Cf. Jones v. State, 728 So.2d 788, 790 (Fla. 1st DCA 1999) (noting that the trial court’s reliability determination under the hearsay exception is reviewed for an abuse of discretion).
C.
Sprouse alternatively argues that the mother’s hearsay testimony was inadmissible because the victim testified at trial and the exception only applies if the declarant “is unavailable as a witness,” see § 90.803(24)(a)2. Defending this argument on the merits, the State argues that notwithstanding the victim’s live testimony at trial, she was actually “unavailable” because of her disabilities: “[D]espite the fact that she testified at trial, the victim’s understanding of the questions posed and her ability to respond to them was so limited due to her varied mental limitations the victim was unavailable.” We cannot accept that tortured interpretation of “unavailable.” The Legislature has defined “unavailability as a witness,” § 90.804(1), Fla. Stat. (2015); see also § 90.803(24)(a)2, and it does not reach the circumstance in which a declarant testifies on the same subject as her hearsay statement. Because the victim in this case testified at trial, she was not “unavailable as a witness” for purposes of the hearsay exception.
We therefore consider the State’s preservation argument, which presents a closer question. Sprouse argued below that the hearsay was unreliable, but he never argued that the victim’s availability (or actual testimony) precluded application of the exception.[2] Indeed, there was surprisingly little discussion below about the victim’s availability to testify. The State noted at the hearing that the exception would apply only if the declarant were unavailable. But in the same hearing, and immediately after the court ruled it would allow the mother’s testimony, the State acknowledged that the victim would testify, asking that the court partially clear the courtroom when the victim testified. Sprouse did not object then, he did not object when the victim actually testified, and he did not object when the mother testified about the hearsay evidence. Accordingly, Sprouse is left to rely on his arguments below regarding the hearsay statements' reliability.
Generally, “for an argument to be cognizable on appeal, it must be the specific contention asserted as legal ground for the objection, exception, or motion below.” Steinhorst v. State, 412 So.2d 332, 338 (Fla. 1982). Sprouse seeks to avoid this general rule, arguing that under Neeley v. State, 883 So.2d 861 (Fla. 1st DCA 2004), his *789 reliability argument below was sufficient. In Neeley, this Court explained that “[w]hen a party makes a hearsay objection, a trial court must consider all possible hearsay violations, exceptions, and exclusions.” Id. at 864 (citing Richardson v. State, 875 So.2d 673, 676 (Fla. 1st DCA 2004)). Thus, Sprouse argues, his reliability argument below was sufficient to preserve his unavailability argument here. Neeley does not reach that far.
Neeley and the decisions on which it relied all involve circumstances where an objection was raised on “hearsay” grounds. See id. at 863-64 (holding that hearsay objection was sufficient to preserve the issue of whether the business record exception or medical treatment exception applied); Richardson, 875 So.2d at 675-76 (holding that hearsay objection was sufficient to preserve the issue of whether the business records exception applied); Andrews v. State, 261 So.2d 497, 497-98 (Fla. 1972) (holding that hearsay objection was sufficient to preserve the issue of whether a predicate had been properly laid for impeachment purposes); see also State v. Crofoot, 97 So.3d 866, 868 (Fla. 1st DCA 2012) (holding that hearsay objections “need not specify the hearsay exception the objecting party will address on appeal,” and therefore “the State’s hearsay objection preserved its argument on appeal that the ‘statement against interest’ exception does not apply”). This case is different. In this case, the parties never disputed whether the statements were hearsay. Rather, they only argued whether the statements were sufficiently reliable to satisfy the section 90.803(24) reliability requirement. Sprouse’s reliability argument did not put the trial court on notice regarding any independent concerns about unavailability. See Castor v. State, 365 So.2d 701, 703 (Fla. 1978) (noting that the purpose of an objection is to “placet ] the trial judge on notice that error may have been committed, and provide[ ] him an opportunity to correct it at an early stage of the proceedings”). Had Sprouse raised the separate unavailability argument below, the issue might have been resolved then.[3] Instead, Sprouse now asks for a retrial “with the attendant cost to the State, inconvenience to the witnesses, and trauma to the ... victim, on the basis of a deficiency which, if brought to the trial court’s attention, would have been timely cured.” See Sigmon v. State, 622 So.2d 57, 59 (Fla. 1st DCA 1993).
AFFIRMED.
WINOKUR, JAY, and WINSOR, JJ., CONCUR.

. In Conner v. State, 748 So.2d 950, 960 (Fla. 1999), the Florida Supreme Court held the hearsay exception for elderly adults, as applied to criminal cases, violated the federal Confrontation Clause.

. Section 90.803(24) was amended effective October 1, 2014 — -just weeks before the acts giving rise to this case. Before the amendment, the exception could apply even when the declarant testified — the statute required that "[t]he elderly person or disabled adult either: a. Testifies; or b. Is unavailable as a witness See Ch. 95-158, § 1, Laws of Fla. (emphasis added). However, "[i]or reasons that are unclear,” the Legislature decided "to delete the language stating that the exception was applicable if the declarant testified at trial.” Charles W, Ehrhardt, Florida Evidence § 803.24 (2016 ed.) (citing Ch. 2014-200, Laws of Fla.). The result was an awkward presentation; an exception applicable only when the declarant is unavailable, residing in a section titled "Hearsay exceptions; availability of declarant immaterial.” Despite the misleading title, the text of the provision is clear: the statutory exception applies only if the declarant is unavailable as a witness.

. For instance, the State might have decided not to introduce the hearsay statements. Alternatively, the State might have elected not to call the victim as a witness and to seek a ruling that she was unavailable pursuant to section 90.803(24)(a)2.