705 So.2d 1046 (1998)
Demitri THOMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 97-0588.
District Court of Appeal of Florida, Fourth District.
February 11, 1998.
*1047 Robert Friedman, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, Judge.
Appellant, Demitri Thompson, appeals his conviction for grand theft on the ground that hearsay testimony describing the contents of an unadmitted bill of lading was improperly permitted, over repeated objections, as evidence of both the existence of the theft as well as the value of the missing goods. We agree that this testimony constituted inadmissible hearsay. Accordingly, we reverse appellant's conviction and remand for a new trial.
Appellant, an employee at the Riviera Beach terminal of General Parcel Service ("GPS"), a shipping company, was charged with stealing a box of sneakers from a shipment that GPS was transporting from Woolworth to a FootLocker store. The shipment was sent by truck directly from GPS' Orlando terminal to the Riviera Beach terminal, where the freight was to be transferred to smaller trucks for local delivery. A fellow GPS employee witnessed appellant attempting, with difficulty, to load a box that appeared to be from the FootLocker shipment into the trunk of appellant's own vehicle. Paul Schaffer, a GPS supervisor, later requested that appellant submit to a search of the trunk, but appellant refused and drove off.
Mr. Schaffer subsequently conducted an inventory check by comparing the Foot-Locker shipment with Woolworth's contract for the shipment of the goods (the "bill of lading"). Before the shipment left Orlando, the Orlando terminal verified that the shipment matched the bill of lading with respect to the stated quantity of boxes, and each box was scanned into GPS' Orlando computer as it was loaded onto a truck for shipment to Riviera Beach. In the five years Mr. Schaffer has worked at GPS, he had never experienced a discrepancy between the bill of lading and the received shipment. The inventory audit on this occasion, however, revealed that three boxes listed on the bill of lading were now missing.
Two of the three missing boxes were discovered in a vehicle belonging to David Ward, another Riviera Beach GPS employee who had been working with appellant on the morning in question. The third box, which was never recovered, is believed to have been stolen by appellant.
At trial, the State never sought to introduce the bill of lading into evidence. Rather, *1048 it had Paul Schaffer and John Callaway testify to its contents. Over objection, Mr. Schaffer and Mr. Callaway were permitted to testify, respectively, that after the reported theft the quantity of boxes specified on the bill of lading was at odds with the actual number of boxes in GPS' possession, and that the value of the missing goods as notated by Woolworth on its bill of lading was $935.88.
While the business-records exception to the hearsay rule allows the admission of "[a] memorandum, report, record, or data compilation," see § 90.803(6)(a), Fla. Stat. (1995), it does not authorize hearsay testimony concerning the contents of business records which have not been admitted into evidence. See Adams v. State, 521 So.2d 337 (Fla. 4th DCA 1988); Schachel v. Closet Concepts Inc., 405 So.2d 487 (Fla. 3d DCA 1981). Thus, the trial court erred in allowing the State to present such testimony. Since the bill of lading was never introduced into evidence, it is unnecessary to decide whether the GPS witnesses could have laid the requisite foundation for its admission. See § 90.803(6)(a), Fla. Stat. (1995)(requiring the "custodian or other qualified witness" to lay the foundation for the admission of business records).
Because the testimony concerning the bill of lading was the primary evidence of the fact of a theft and the sole evidence of the value of the missing goods, we conclude that the erroneous admission of this testimony was not harmless beyond a reasonable doubt. See § 924.051(7), Fla. Stat. (Supp.1996); Medlock v. State, 537 So.2d 1030 (Fla. 2d DCA 1988)(reversing a theft conviction where improperly admitted business records were "the primary, if not the sole, evidence of the theft"). Accordingly, we reverse appellant's conviction for grand theft and remand for a new trial.
REVERSED AND REMANDED FOR A NEW TRIAL.
WARNER, J., concurs specially with opinion, in which PARIENTE, BARBARA J., Associate Judge, concurs.
WARNER, Judge, concurring specially.
I concur with the majority and would add that the employees of GPS, Schaffer and Callaway could not have offered the proper predicate for admission of Woolworth's bill of lading. These employees are neither "custodians" of the records nor qualified witnesses as to Woolworth's method of preparing and keeping business records.
PARIENTE, BARBARA J., Associate Judge, concurs.