745 So.2d 1071 (1999)
Carl Robert REYNER, Appellant,
v.
STATE of Florida, Appellee.
Nos. 98-3742, 98-3993.
District Court of Appeal of Florida, First District.
November 17, 1999.
*1072 Paul G. Komarek, Panama City, for Appellant.
Robert A. Butterworth, Attorney General and Daniel A. David, Assistant Attorney General, Tallahassee, for Appellee.
VAN NORTWICK, J.
In this consolidated appeal, Carl Robert Reyner challenges his conviction and sentence for an attempted lewd and lascivious act on his minor niece, and the sentencing procedure followed after he violated his community control in another case. Finding no reversible error, we affirm all the issues raised. We write to address Reyner's contention that the trial court erred in ruling that Reyner's statement to a police officer was sufficient corroborative evidence under section 90.803(23)(a)2 b., Florida Statutes (1997), to allow into evidence the child's hearsay statement to her father.
Reyner was charged with making a lewd, lascivious or indecent assault upon his four-year-old niece on October 15, 1997, while the child was being provided babysitting services by his wife, Ruth Reyner, in their home. The child told her father about the incident the night of October 15 before bedtime, the first opportunity they had to be alone together. Upon motion by Reyner, the trial court found the child was not competent to testify at trial. At the same time, the trial court granted the state's motion allowing the child's hearsay statements to her father to be admitted into evidence. At trial, the father testified, among other things, that his daughter told him that, while Reyner and the child were sharing a bed at "nap time," Reyner put her on his chest, placed his penis between her legs, and moved her back and forth, and "wet stuff" came out of his penis. Reyner was subsequently convicted of the lesser included offense of an attempted lewd and lascivious act upon a child.
As this court recently stated in Delacruz v. State, 734 So.2d 1116, 1119 (Fla. 1st DCA 1999):
Section 90.803(23) of the Florida Evidence Code addresses the circumstances in which otherwise inadmissible out-of-court statements made by an alleged child victim may be admitted in evidence at trial. To the extent pertinent, that rule permits such statements to be used as substantive evidence at trial provided that the trial court finds that the statements are reliable and either the child testifies at trial or the court finds, further, that "there is other corroborative evidence of the abuse or offense."
In Delacruz, this court addressed the following issue:
[W]hether the statement made by [Delacruz] when he was arrested, admitting that he could have accidentally touched the child's vagina "a lot of times" while playing with her, may constitute "other corroborative evidence" for purposes of section 90.803(23)(a)2b.
Id. at 1122. Delacruz held that such a statement "may qualify as `other corroborative evidence of the abuse or offense' for purposes of section 90.803(23)(a)2b," but because the case was being remanded for a new trial, we expressly left open the question whether the trial court could find "sufficient corroboration in [Delacruz's] statement, alone, to satisfy the requirement of section 90.803(23)(a)2b." Id. at 1122.
The question left unanswered in Delacruz is squarely presented in the instant case. We are asked to decide whether a statement made by Reyner to a police officer after his arrest, by itself, can constitute sufficient corroborative evidence of the act alleged to satisfy section 90.803(23)(a)2 b, so that the out-of-court statement of the child victim could be admitted in evidence at trial. The trial court ruled that Reyner's statement was sufficient corroborative evidence. Our standard *1073 of review is whether the trial court abused its discretion in admitting the evidence. Jones v. State, 728 So.2d 788, 790 (Fla. 1st DCA 1999), citing Perez v. State, 536 So.2d 206 (Fla.1988) and Barton v. State, 704 So.2d 569 (Fla. 1st DCA 1997). Under this standard of review, we can find an abuse of discretion only if we conclude that no reasonable trial judge would have reached the conclusion being appealed. Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980); Nordyne, Inc. v. Florida Mobile Home Supply, Inc., 625 So.2d 1283, 1289 (Fla. 1st DCA 1993).
In the order admitting the child's hearsay statement, the trial court ruled that Reyner's statement was sufficient corroboration, explaining as follows:
Since the child is unavailable to testify there is also sufficient corroborative evidence of the abuse to allow its admissibility. The Court has reviewed the defendant's statement [made to police after he was arrested] which, although denying the abuse took place, contains very similar descriptions of the "nap incident" related by the child. Specifically the defendant acknowledged taking a "nap" with the child and sharing a bed with the child. The defendant stated he and the child engaged in tickle type of play activity. The defendant stated he was wearing open fly boxer shorts and that on one occasion while he was asleep the child had wiggled under the covers and had snuggled next to him. The defendant acknowledged his penis could have been outside his shorts because of the open fly on the boxer shorts and his sleeping on his side. The defendant stated they fell asleep again and he woke up when the child had to go to the bathroom. They fell back asleep and were awoke [sic] by the defendant's wife. They tickle played again for a short period of time and then got up. This statement confirms the child's statement that she took a nap with the defendant, shared the same bed, they played with each other while the child was at the defendant's house, and she had the opportunity to be exposed to his penis.
Based upon our standard of review, we cannot say that the trial court abused its discretion in ruling that the appellant's statement was sufficient, alone, to satisfy the corroboration requirement of section 90.803(23)(a)2 b, and admitting into evidence the child's hearsay statement.
AFFIRMED.
WEBSTER AND DAVIS, JJ., CONCUR.