875 So.2d 673 (2004)
David RICHARDSON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-3590.
District Court of Appeal of Florida, First District.
May 18, 2004.
*674 Nancy A. Daniels, Public Defender; and Edgar Lee Elzie, Jr., Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; and Felicia A. Wilcox, Assistant Attorney General, Tallahassee, for Appellee.
BROWNING, J.
David Richardson (Appellant) appeals several evidentiary rulings and sentencing decisions made by the trial court. Finding prejudicial error in the court's allowing into evidence the company director of operation's hearsay testimony regarding the contents of purported records that were never admitted into evidence, we reverse the conviction in Count One for robbery with a firearm. We affirm Appellant's convictions and sentences for false imprisonment and for battery. Our reversal of the conviction in Count One moots the sentencing issues.
In Count One, the information charged Appellant with the robbery of Estelle Sanders, during the course of which Appellant allegedly took approximately $50.00 in currency belonging to the Tom Thumb convenience store where the victim worked as the assistant manager, and where Appellant allegedly "carried and actually possessed a firearm, to-wit: a pistol" during the incident, contrary to sections 812.13(2)(a) and 775.087(2), Florida Statutes (2001). Count Two charged that Appellant "did unlawfully and forcibly, and forcibly, by threat[,] or secretly[ ] confine, abduct, or imprison" Ms. Sanders "against her will, and without, lawful authority, with intent to commit or facilitate the commission of a felony, to-wit: armed robbery" at the same convenience store, and during the incident "carried, displayed, used, threatened or attempted to use or possessed a weapon, to-wit: a revolver," contrary to sections 787.01(1)(a) and 775.087, Florida Statutes (2001). Count Three charged a battery upon Ms. Sanders, and Count Four charged petit theft of United States currency *675 of a value of less than $300.00 from the same store. The State argued a principal theory and successfully requested that a principal instruction be given to the jury.

Admissibility of Testimony Regarding Amount of Cash Taken
Ms. Sanders testified that around 6:00 A.M. on the day of the incident, she was preparing to open the Tom Thumb convenience store in Escambia County. She said the cash register had money in it, typically less than $50.00. After Ms. Sanders unlocked the doors and went behind the store counter, a man (whom she subsequently identified in a photo layout and in court as James Richardson, who is not related to Appellant) carrying a gun entered the store and ran behind the counter, startling her, while a second man (whom she subsequently identified in a photo layout and in court as Appellant) held his shirt up as if to hide his identity and locked the store's front door. According to Ms. Sanders' testimony, after the gun was pointed at her face, she was handcuffed, taken to a separate room in the back of the store, and was stripped of her clothes and touched inappropriately and non-consensually. The victim said that she did not know what was going on in the other parts of the store while she was being restrained and moved into the back room. Ms. Sanders testified that she did not look, she was not told, and she did not know whether the money was still in the cash register after the incident.
Another witness for the State, Ms. Robbie Cartledge, testified that she was the Director of Operations for the Tom Thumb Food Stores office in Crestview. She identified herself as the stores' custodian of records. The witness testified that in her capacity as operations manager, she had an opportunity to analyze the dollar value of the loss. When the prosecutor asked what was the dollar amount taken from the register, defense counsel objected on the basis of "hearsay." The court overruled the objection without discussion. Ms. Cartledge then testified that $110.00 was taken. She stated that "we" normally knew what the money count was at the beginning of the day and then looked at the money count at the day's end. She testified that when a "situation" like the episode in question occurs, the store is closed down to determine exactly the beginning and ending amounts. After the closing of the store after the incident, the district advisor and the auditor, not Ms. Cartledge personally, checked the amount of the loss. Neither the district advisor nor the auditor testified.
The standard of review for the admissibility of evidence is abuse of discretion. See Reyner v. State, 745 So.2d 1071 (Fla. 1st DCA 1999). Except in cases of fundamental error, an appellate court will not consider an issue unless it was presented first to the trial court. See Steinhorst v. State, 412 So.2d 332 (Fla.1982). At the trial, defense counsel objected on the ground that the testimony concerning the amount of cash taken from the store was "hearsay." On appeal, Appellant contends that the testimony is inadmissible under the "business records" exception to the hearsay rule, section 90.803(6)(a), Florida Statutes (2001), because the purported custodian of records never testified that she was the actual custodian of the records on which the loss analysis was based, nor were the records identified, shown to be kept in the regular course of business, or offered into evidence. The State argues that because Appellant failed to raise this specific ground for objection in the trial court, it is not preserved for appellate review. See Tillman v. State, 471 So.2d 32 (Fla.1985); Filan v. State, 768 So.2d 1100 (Fla. 4th DCA 2000); Jackson v. State, 738 *676 So.2d 382 (Fla. 4th DCA 1999). Specifically, the State contends that Appellant's objection was neither "specific" within the meaning of section 90.104(1)(a), Florida Statutes (2001); nor "sufficiently precise," as required by section 924.051(1)(b), Florida Statutes (2001), to be preserved. In response, Appellant correctly cites Andrews v. State, 261 So.2d 497 (Fla.1972), for the proposition that an objection to a question on hearsay grounds is sufficient to preserve for appellate review the failure of the proponent of the testimony to lay a proper predicate. Acknowledging that this issue is properly before us pursuant to Andrews, we conclude that the trial court abused its discretion in admitting Ms. Cartledge's testimony regarding certain purported business records that were not admitted into evidence. See Thompson v. State, 705 So.2d 1046 (Fla. 4th DCA 1998).
The facts in Thompson warrant close examination. The defendant in Thompson was charged with stealing a box of sneakers from a shipment that General Parcel Service (GPS) was transporting from a Woolworth store to a Foot Locker store. The shipment was sent via truck directly from GPS' Orlando terminal to its Riviera Beach terminal (where the defendant worked), where the freight was to be moved to smaller trucks for local delivery. A co-employee observed the defendant trying to load a box (that appeared to be from the Foot Locker shipment) into the trunk of the defendant's own vehicle. When a supervisor asked the defendant to submit to a search of the trunk of the vehicle, the defendant refused and drove off. Subsequently, the supervisor conducted an inventory check by comparing the Foot Locker shipment to the Woolworth contract for the shipment of goods (the "bill of lading"). Before the merchandise left Orlando, the terminal verified that the shipment matched the bill of lading regarding the stated number of boxes; each box was scanned into the Orlando computer as it was loaded onto the truck for transport to Riviera Beach. The inventory audit disclosed that three boxes listed on the bill of lading were now missing. Two of the missing boxes were found in a vehicle belonging to another Riviera Beach employee of GPS who had been working with the defendant on the morning in question. The defendant was believed to have stolen the third box, which was never recovered. See id. at 1047. At the trial, the State never attempted to introduce the bill of lading into evidence. Instead, the prosecution had the GPS supervisor and another witness testify to the contents of the bill of lading. Over objection, these two witnesses were allowed to testify, respectively, that after the reported theft, the quantity of boxes designated on the bill of lading differed from the actual number of boxes in GPS' possession, and that the missing goods' value (as noted by Woolworth on its bill of lading) was $935.88. See id. at 1047-48.
Noting that the business-records exception to the hearsay rule permits the admission of "[a] memorandum, report, record, or data compilation," the district court further noted that section 90.803(6)(a), Florida Statutes, "does not authorize hearsay testimony concerning the contents of business records which have not been admitted into evidence." Id. at 1048 (emph. in orig.). Accordingly, it was error for the trial court to present such testimony. Because the bill of lading was not introduced into evidence, the district court deemed it unnecessary to decide whether the GPS witnesses could have laid a proper foundation for its admission. See id. However, "[b]ecause the testimony concerning the bill of lading was the primary evidence of the fact of a theft and the sole evidence of the value of the missing goods," the appellate court concluded that the erroneous admission of the testimony was not harmless *677 beyond a reasonable doubt under section 924.051(7), Florida Statutes. Id. The conviction was reversed and remanded for a new trial. See id.
Similarly, during Appellant's trial, Ms. Cartledge was allowed to testify, over objection, about the contents of a record (based on information from someone else) that was never introduced into evidence. A store surveillance videotape of the incident was admitted into evidence and shown to the jury. Although the grainy picture on the videotape showed Appellant behind the cashier's counter appearing to place something into a plastic bag, Ms. Cartledge's testimony was the primary evidence that Appellant took money from the store, and was the only evidence of the amount of the theft. Given these factual circumstances in the case, we are unable to conclude that the erroneous admission of Ms. Cartledge's testimony was harmless beyond a reasonable doubt. Accordingly, we reverse the conviction for robbery with a firearm and remand for a new trial on that count.

Denial of Motion for JOA in Count Two
After the State rested its case, Appellant moved for a JOA on the armed kidnapping count on the grounds that the evidence showed only that the victim was handcuffed and that Appellant's acts were merely incidental to whatever other crimes may have been committed in the course of the episode at the convenience store. The relevant statute states that "`kidnapping' means forcibly, secretly, or by threat confining, abducting, or imprisoning another person against her or his will and without lawful authority, with intent to," inter alia, "[c]ommit or facilitate commission of any felony" or "[i]nflict bodily harm upon or to terrorize the victim or another person." § 787.01(1)(a)2. & 3., Fla. Stat. (2001). False imprisonment is a lesser-included offense of kidnapping. "The term `false imprisonment' means forcibly, by threat, or secretly confining, abducting, imprisoning, or restraining another person without lawful authority and against her or his will." § 787.02(1)(a), Fla. Stat. (2001). In cases like Appellant's, where kidnapping or false imprisonment have been charged in addition to other crimes, it is appropriate to apply the test set forth in Faison v. State, 426 So.2d 963 (Fla.1983), to avoid literally construing the two statutes so as to turn any forcible felony into another criminal offense. See, e.g., Berry v. State, 668 So.2d 967, 969 (Fla.1996); Rohan v. State, 696 So.2d 901 (Fla. 4th DCA 1997). In Faison, 426 So.2d at 965, the Supreme Court of Florida adopted the following test enunciated in State v. Buggs, 219 Kan. 203, 547 P.2d 720, 731 (1976):
[I]f a taking or confinement is alleged to have been done to facilitate the commission of another crime, to be kidnapping the resulting movement or confinement:
(a) Must not be slight, inconsequential and merely incidental to the other crime;
(b) Must not be of the kind inherent in the nature of the other crime; and
(c) Must have some significance independent of the other crime in that it makes the other crime substantially easier of commission or substantially lessens the risk of detection.
All three prongs of Faison must be satisfied to sustain a conviction of kidnapping or false imprisonment. See Cathcart v. State, 643 So.2d 702, 703 (Fla. 4th DCA 1994). If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, then sufficient evidence exists to sustain a conviction. See Banks v. State, 732 So.2d 1065 (Fla.1999).
In the present case, Ms. Sanders testified that the armed man pointed a gun at her in the main store area and handcuffed her hands behind her back. Appellant *678 had followed the gunman into the store, served as the apparent lookout, and locked the front doors. As the gunman restrained the victim, took her back to the store's freezer room, removed her clothes, and touched her inappropriately, Appellant ran in from the main store area and asked what the "noise" was. According to Ms. Sanders, the cash register drawer had a sound alarm that went off if the drawer was left open beyond a certain amount of time, as well as a silent alarm that alerted the security company and the sheriff's department. The jury watched the grainy surveillance videotape that depicted Appellant doing something in front of the cash register.
In moving for a JOA, Appellant admitted all these facts, as well as every conclusion favorable to the State that a jury might fairly and reasonably infer from the evidence. See Lynch v. State, 293 So.2d 44, 45 (Fla.1974). Applying the first prong of the Faison test, we conclude that handcuffing the victim at gunpoint in the front part of the store and forcing her into the walk-in cooler room was not a "slight, inconsequential and merely incidental" movement or restraint. Regarding the second prong, we determine that confining the victim in the store's freezer was not an act "inherent in the nature of the other crime," armed robbery. Under the theory of the case presented by the State, Appellant and his cohort completed the robbery once they took money from the cash register. During the course of the offense, Ms. Sanders was alone and offered no resistance. Under these circumstances, the robbers did not have to confine the victim in order to execute the purported robbery. As to the third prong, we note that as soon as the robbers allegedly retrieved the cash from the register, they could have run away without handcuffing the victim or forcing her to go from behind the counter to the back room, where her clothing was removed and she was touched inappropriately. Confining the victim was not incidental or inherent in the armed robbery; rather, the confinement in that manner facilitated the robbers' flight from the crime scene. Thus, the movement or confinement had "some significance independent of the other crime," for it made it easier to commit the other offense and substantially lessened the risk of quick detection. Faison, 426 So.2d at 965; Ferguson v. State, 533 So.2d 763 (Fla.1988). The evidence belies Appellant's contention that the victim was not immobilized because her legs and feet were not bound. Ms. Sanders testified that her movement was restricted, such that she was unable to reach the telephone, because her hands were cuffed behind her. Because a jury question was presented, it was proper for the trial court to deny the motion for JOA in Count Two.
The conviction in Count One is REVERSED and the case REMANDED for a new trial on that count. The convictions and sentences in Counts Two and Three are AFFIRMED.
BARFIELD and WEBSTER, JJ., concur.