KAHN, J.
Challenging the admission of certain hearsay evidence from the child victims, appellant seeks reversal of his convictions on three counts of capital sexual battery. The trial court committed no error, and we affirm.
Appellant does not argue that the trial court failed to comply with the statutory requirements for admitting child hearsay statements under section 90.803(23), Florida Statutes (2003). Under that statute, out-of-court statements of a child less than eleven years old, concerning sexual abuse, are admissible if the child testifies, the defendant is given proper notice, and the court makes specific findings relating to the reliability of the statements. See § 90.803(23)(a)-(c), Fla. Stat. (2003). In this case, without dispute, all of these requirements were met. Recognizing the admissibility of the statements in question under the child hearsay statute, appellant argues that the trial court abused its discretion under section 90.403, Florida Statutes (2003). This familiar statutory formulation requires a trial court to balance the probative value of a particular statement or piece of evidence against the danger of “unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence.” Id Here, appellant primarily focuses on his contention that the statements amounted to cumulative evidence.
Contrary to appellant’s gratuitous statement in his brief that the trial court merely paid “lip service” to the statutory requirements, it appears to us that the trial court closely followed the dictates laid out by our supreme court in Pardo v. State, 596 So.2d 665 (Fla.1992). In particular, the trial court’s order carefully addressed the risk of presenting excess cumulative evidence. The State has correctly pointed out in its brief that once all the evidence was in, the jury heard virtually no overlapping hearsay in the statements recounted by the adult witnesses who heard the children’s out-of-court statements. No abuse of discretion is shown. See Reyner v. State, 745 So.2d 1071, 1072-73 (Fla. 1st DCA 1999).
AFFIRMED.
BROWNING and LEWIS, JJ., concur.