WETHERELL, J.,
dissenting.
I dissent. I would not second-guess the trial court’s sound exercise of discretion in ruling on Appellant’s motion for a continuance, and I would affirm Appellant’s judgment and sentence, except for the cost and jail credit issues on which the State conceded error.
This Court has held that trial judges have “wide discretion” in ruling on motions for continuances, Holley v. State, 484 So.2d 634, 636 (Fla. 1st DCA 1986), and the Florida Supreme Court has held that the denial of such a motion should not be reversed on appeal unless there has been “a palpable abuse of this judicial discretion” that “clearly and affirmatively appear[s] in the record.” Magill v. State, 386 So.2d 1188, 1188 (Fla.1980). Accordingly, as the majority correctly recognizes, the trial court’s ruling on Appellant’s motion for a continuance is to be reviewed under the deferential abuse of discretion standard of review.
*247 Under this standard, “[i]f reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion.” Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980). As recently noted by our sister court, “[t]his standard of review rarely results in relief because it requires affirmance of the trial court order unless no reasonable judge could have reached the decision challenged on appeal.” Clark v. State, 95 So.3d 986, 987 (Fla. 2d DCA 2012); see also Reyner v. State, 745 So.2d 1071, 1073 (Fla. 1st DCA 1999) (“Under [the abuse of discretion] standard of review, we can find an abuse of discretion only if we conclude that no reasonable trial judge would have reached the conclusion being appealed.”). The majority purports to apply this standard,[15] but its analysis does not support the conclusion that the trial court acted unreasonably in denying Appellant’s motion for a continuance.
Putting logic aside,[16] my disagreement with the majority is simple: unlike the majority, I do not think it was unreasonable — ie., “[i]rrational; foolish; unwise; absurd; silly; preposterous; senseless; stupid”[17] — for the trial court to deny Appellant’s motion for a continuance under the circumstances of this case. The argument on the motion addressed the McKay factors (albeit not by name or number), and notwithstanding the majority’s criticism of the trial court’s handling of the motion (which, in my view, is unwarranted and unsupported by the hearing transcript), it is reasonable and appropriate for us to assume that the court considered these factors in ruling on the motion.
The majority grounds its decision largely on the fact that the trial court emphasized a need to “move this case.” It was not improper for the court to consider case management concerns in ruling on the motion; McKay expressly recognized that such concerns are “countervailing interests” that may be sufficient to overcome the defendant’s right to counsel of his choosing. See 504 So.2d at 1282. Moreover, even if the denial of the continuance was partially motivated by ease management concerns, that does not mean that the ruling was necessarily an abuse of discretion. Indeed, in Brown v. State, su- *248 pro, this Court affirmed the denial of a motion for a continuance under somewhat similar circumstances despite the trial court’s reference to its “policy” of denying continuances based on the late substitution of counsel.
It is noteworthy that the Brown court affirmed the denial of a motion for a continuance even though “[n]either party specifically argued McKay ... during the motion hearings” and the trial court made no findings on the McKay factors. 942 So.2d at 14. It was sufficient in that case that the McKay factors were “essentially argued before the court” and, thus, implicitly considered by the trial court in denying the continuance. Id. The same is true here.
The presumption of correctness that the trial court’s ruling is supposed to be afforded on appeal requires us to infer that the court properly considered all of the circumstances presented at the hearing on Appellant’s motion for a continuance in ruling on the motion. Those circumstances included: this case had been pending for more than a year and Appellant was already on his third lawyer, Barbara Hobbs; the trial had already been continued once at the request of the defense, and there had also been considerable delay in setting the original trial date because of numerous defense-requested continuances of pre-trial hearings; the trial date that Appellant sought to continue had been on the calendar for three months, but Appellant waited until three weeks before the trial date to file a motion for a continuance even though according to the motion and the letter submitted by Appellant’s father, Appellant had been dissatisfied with Ms. Hobbs for- quite some time; Appellant had not discharged Ms. Hobbs or retained a new lawyer by the time the motion was heard the week before trial, nor did he give the court any indication how long of a continuance might be needed for Appellant’s prospective new lawyer to be prepared for trial (assuming he was ever retained); the case was straightforward and not complex since Appellant admitted to the crimes and his confession was consistent with the testimony of the victims; and Ms. Hobbs, whom the trial court found to be competent (and who is now a trial judge), was substantially prepared for trial even though she had not yet filed a written motion to suppress Appellant’s confession.
In my view, most, if not all, of these circumstances support the trial court’s ruling on Appellant’s motion for a continuance. The only circumstance identified by the majority that arguably cuts against the trial court’s ruling is that the State did not articulate any specific prejudice that would result if the trial was delayed.[18] However, *249 even if it might have been reasonable, or even preferable, for the trial court to grant a short continuance under these circumstances, it was certainly not unreasonable for the court to rule the way it did.
In sum, because the trial court did not act unreasonably in denying Appellant’s motion for a continuance, I would affirm the ruling. And because the other substantive issue raised by Appellant lacks merit,[19] I would affirm Appellant’s judgment and sentence, except for the cost and jail credit issues on which the State conceded error.

. The majority also confusingly suggests that it may have been legal error (presumably subject to de novo review) for the trial court not to expressly consider and make findings on the McKay factors in ruling on Appellant’s motion for a continuance. However, the majority correctly stops short of reversing on this basis, presumably because such a holding would conflict with Brown v. State, 942 So.2d 12 (Fla. 1st DCA 2006), in which this Court implicitly rejected the more rigid approach that the majority purports to leave for another day.

. The application of the Canakaris standard presents a logical conundrum where, as here, the judges on the appellate court disagree amongst themselves as to the propriety of the trial court’s ruling, but the majority votes to reverse. The problem arises because the proposition — "if P [reasonable judges disagree as to the propriety of the trial court's ruling], then Q [the trial court did not abuse its discretion]," or P-*Q — is not logically sound if P is true and Q is false. Thus, if the majority is correct that Q is false (i.e., the trial court abused its discretion), then it logically follows under the modus tollens rule that P cannot be true (i.e., reasonable judges disagree as to the propriety of the trial court’s ruling). But, here, at least one (presumably) reasonable judge agrees with the trial court’s ruling on Appellant's motion for a continuance, thereby making P true and requiring Q to be true as well under the modus ponens rule. Illogically, however, the majority holds that the trial court abused its discretion (Q is false) despite the fact that reasonable judges disagree as to the propriety of the trial court's ruling (P is true).

. Black's Law Dictionary 1538 (6th ed. 1990) (defining "unreasonable”).

. I recognize the potential for prejudice to a defendant who is forced to go to trial with a lawyer in whom he has lost confidence. However, in my view, any such prejudice in this case was self-inflicted by Appellant when he chose not to discharge Ms. Hobbs (which he was free to do without the trial court’s involvement because she was retained, not appointed) and hire a new lawyer despite having ample time to do so, both before and after filing the motion for a continuance. Moreover, contrary to the implication in the majority opinion, Appellant was not prejudiced by Ms. Hobbs’ failure to file a written motion to suppress his confession because she made an ore tenus motion at trial to exclude the confession. The trial court recessed the trial and held a full hearing on the motion at which evidence and extensive argument were presented, and the court ruled on (and properly denied) the motion before the videotape of the confession was played for the jury. Also, even though Ms. Hobbs did not put on a case-in-chief (which, contrary to the implication in the majority opinion, is not at all uncommon in criminal cases), she ably cross-examined the State’s witnesses and did the best she could in closing argument to minimize the State’s most damning evidence against Appellant: his videotaped confession in which he admitted that he robbed both of *249 the victims in this case at gunpoint and that he possessed and discharged a sawed-off shotgun during one of the robberies.

. Appellant’s argument that the trial court erred in denying his ore terms motion to suppress his confession is meritless. The record clearly establishes that, after being advised of and waiving his Miranda rights, Appellant freely and voluntarily admitted the crimes charged in this case, and Appellant’s claim that he was intimidated or coerced into confessing is conclusively refuted by the videotape and transcript of his interrogation.