# Third District Court of Appeal

## State of Florida

Opinion filed April 20, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2713
Lower Tribunal No. 13-7846A
_____

**Marissa Contes,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Thomas J. Rebull, Judge.

Carlos J. Martinez, Public Defender, and Jeffrey Paul DeSousa, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Shayne R. Burnham, Assistant Attorney General, for appellee.

Before EMAS, LOGUE and SCALES, JJ.

EMAS, J.

Upon our de novo review of the record, we hold that the evidence presented at trial was sufficient for the jury to determine that Marissa Contes was not merely present, but intended to and did participate in the crime by serving (as an eyewitness described) as a lookout for her co-defendant during the commission of a burglary, and was therefore guilty as a principal to the crime of burglary. See § 777.011, Fla. Stat. (2013); C.L.A. v. State, 478 So. 2d 872 (Fla. 3d DCA 1985). Cf. In the Interest of A.R., 460 So. 2d 1024 (Fla. 4th DCA 1984). We therefore affirm the judgment and sentence for the burglary charge.

However, we reverse the judgment and sentence for the charge of grand theft, as the State failed to establish that the property stolen was valued at more than $300, as required for grand theft of the third-degree. See § 812.014(1)(c)1, Fla. Stat. (2013). "Value" for purposes of theft under this section means "the market value of the property at the time and place of the offense. . . ." See § 812.012(10)(a)1, Fla. Stat. (2014); K.W. v. State, 13 So. 3d 90 (Fla. 3d DCA 2009). Because the evidence failed to establish the fair market value of the property at the time of the offense, Contes can be convicted only of second-degree petit theft, a second-degree misdemeanor. See § 812.014(3)(a), Fla. Stat. (2013). We remand this cause to the trial court to vacate the judgment and sentence on the charge of grand theft and to enter judgment for second-degree misdemeanor petit

theft.  The court shall conduct a sentencing hearing, at which Contes has a right to be present, for the purpose of imposing sentence on the judgment for petit theft.

Affirmed in part, reversed in part, and remanded with instructions.