# Third District Court of Appeal

## State of Florida

Opinion filed August 23, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1935
Lower Tribunal No. 16-30
_____

**Y.R., a juvenile,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Orlando A. Prescott, Judge.

Carlos J. Martinez, Public Defender, and Jonathan Greenberg, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Arlisa Certain, Assistant Attorney General, for appellee.

Before ROTHENBERG, C.J., and SALTER and LOGUE, JJ.

PER CURIAM.

Y.R. was a fifteen-year-old high school student when he was charged with the theft of an iPad from his school in January 2016.[1] Global positioning software in the device located it in Y.R.'s apartment building, and the high school then determined that no other students lived in that building. Ultimately, Y.R. was charged with grand theft of the iPad and adjudicated delinquent of first-degree petit theft under section 812.014(2)(e), Florida Statutes (2016), applicable when "the property stolen is valued at $100 or more, but less than $300."

The issue on appeal challenges the sufficiency of the evidence of proof of "value" as defined in section 812.012(10)(a)1., Florida Statutes (2016): "the market value of the property at the time and place of the offense or, if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the offense." Section 812.012(10)(b) addresses the circumstance in which "the value of property cannot be ascertained," authorizing the trier of fact to find the value to be "not less than a certain amount," or, "if no such minimum value can be ascertained, the value is an amount less than $100."

The proof regarding the value of the iPad introduced at the adjudicatory hearing did not establish its value as of the time and place of the offense. That proof also fell short of establishing the cost of the replacement for that type of iPad within a reasonable time after the offense. The teacher who provided the iPad to

---

[1] Y.R. was also charged with resisting an officer without violence and adjudicated delinquent on that count, but this appeal only involves the count charging theft.

Y.R. for use at the school on the day it went missing testified that she received it about four months before that day, but she did not know when the school district purchased the device. She didn't know how much the iPad cost, and she said it had been used continuously (except for the holiday break) during the four months it had been used in her classroom. Neither she nor the school vice principal at the time could identify the model type, storage capacity, or other features of the stolen iPad. The vice principal testified—though his testimony was shown to have been based on a conversation with another school employee rather than personal knowledge—that it would cost $599 to purchase a new iPad.

No witness testified as to depreciation, obsolescence by virtue of the release of a newer iPad model,[2] or bid-asked-sold data in the internet marketplace for a comparable and comparably-used iPad. While this may seem an onerous burden, there can be no doubt that proof of "value" as defined in section 812.012(10) is determinative in classifying the level of the offense.

Here, as in Contes v. State, 190 So. 3d 198, 199 (Fla. 3d DCA 2016), "[b]ecause the evidence failed to establish the fair market value of the property at the time of the offense, [the defendant] can be convicted only of second-degree

---

[2] "Electrical components like televisions, computers, and stereo systems are subject to accelerated obsolescence because manufacturers are constantly releasing new, improved technology at lower prices. For this reason, purchase price alone is generally insufficient to establish the value of such property in theft cases." Lucky v. State, 25 So. 3d 691, 692 (Fla. 4th DCA 2010).

petit theft, a second-degree misdemeanor." We thus remand this case to the trial court to vacate the charge and adjudication of delinquency in count I of the petition of first-degree petit theft and to enter an adjudication of second-degree petit theft. The court should then conduct a disposition hearing on that adjudication, at which Y.R. has a right to be present.

Reversed and remanded with instructions.