NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

D.J.S.,                                            )
                                                   )
              Appellant,                           )
                                                   )
v.                                                 )
                                                   )   Case No.  2D17-935
STATE OF FLORIDA,                                  )
                                                   )
              Appellee.                            )
                                                   )
_____ )

Opinion filed March 14, 2018.

Appeal from the Circuit Court for
Hillsborough County; Barbara Twine-
Thomas, Judge.

Howard L. Dimmig, II, Public Defender, and
Anthony C. Musto, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Donna S. Koch, Assistant
Attorney General, Tampa, for Appellee.


SLEET, Judge.

              D.J.S. challenges the trial court's juvenile disposition order in which the

court found him guilty of the delinquent acts of burglary of an occupied dwelling and

grand theft, withheld adjudication of delinquency, and placed him on probation for an

indefinite period not to exceed his nineteenth birthday.  Because the only evidence of

the value element of the grand theft allegation was improperly admitted hearsay, we reverse the disposition order as to the finding that D.J.S. committed that delinquent act and remand for the grand theft to be reduced to second-degree petit theft.

The State's delinquency petition alleged that D.J.S. committed the delinquent act of grand theft of property with a value of more than $300 but less than $5000. See § 812.014(2)(c)(1), Fla. Stat. (2016). The only items reported missing from the home after the burglary were three bottles of liquor, a speaker, and a watch. To establish the value of the items, the State presented—over hearsay objections—the homeowner's testimony that he went online to "eBay or something" and determined that the aftermarket value of the items was $135 for the speaker and $64 for the watch. Such testimony was improperly admitted hearsay. See Phillips v. State, 141 So. 3d 702, 705 (Fla. 4th DCA 2014) ("[T]he victim's reliance on hearsay evidence from websites resembles a witness's reliance on hearsay evidence from a catalog or contacts with non-witnesses [sic].").

As this was the sole evidence presented as to value, without it the State failed to present competent substantial evidence of that element of the grand theft allegation. See Council v. State, 206 So. 3d 155, 156 (Fla. 1st DCA 2016) ("Because . . . the value of the two stolen diamond rings was based solely on inadmissible hearsay, we hold that the State failed to introduce competent, substantial evidence showing that the value of the stolen property exceeded [the value alleged in the charge]."). And where there is no competent evidence of value presented, the value is deemed to be an amount less than $100. See § 812.012(10)(b) ("[I]f no . . . minimum value [of the property] can be ascertained, the value is an amount less than $100.").

Accordingly, the finding of guilt as to the grand theft must be reduced to one for second-degree petit theft. See Contes v. State, 190 So. 3d 198, 199 (Fla. 3d DCA 2016) ("Because the evidence failed to establish the fair market value of the property at the time of the offense, [the defendant] can be convicted only of second-degree petit theft."). As such, we reverse the trial court's disposition order to the extent that it found D.J.S. guilty of the delinquent act of grand theft and remand for that finding to be reduced to second-degree petit theft. On remand, the trial court shall conduct a new disposition hearing to reconsider—in light of the reduced offense—its prior imposition of probation for an indefinite period not to exceed D.J.S.'s nineteenth birthday; D.J.S. has a right to be present at the hearing. See Y.R. v. State, 226 So. 3d 1008, 1009 (Fla. 3d DCA 2017).

Affirmed in part, reversed in part, and remanded with instructions.

VILLANTI and ROTHSTEIN-YOUAKIM, JJ., Concur.