# Third District Court of Appeal

## State of Florida

Opinion filed May 29, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-2078
Lower Tribunal No. 17-18050B
_____

**Richard Wade,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Veronica A. Diaz, Judge.

Carlos J. Martinez, Public Defender, and James Odell, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and David Llanes, Assistant Attorney General, for appellee.

Before EMAS, C.J., and FERNANDEZ and LOBREE, JJ.

EMAS, C.J.

**ON PARTIAL CONFESSION OF ERROR**

Richard Wade was charged with one count of burglary of a structure during a declared state of emergency[1] and one count of grand theft in the third degree, a third-degree felony. Following trial, Wade was convicted of the burglary as charged, and petit theft in the first degree, a first-degree misdemeanor, with the jury finding that the value of the property stolen was more than $100 but less than $300.

Wade appeals from these judgments and sentences, contending that the trial court erred (1) in permitting the State's peremptory strike of a prospective juror; and (2) in denying Wade's motion, made at the conclusion of the State's case, to reduce the grand theft to petit theft, second degree (a second-degree misdemeanor) because the State failed to introduce any evidence of the value of the items stolen in the burglary. We find no merit in Wade's first argument and affirm on that claim without further discussion.

As to Wade's second claim, however, the State concedes that it failed to present any evidence of the value of the liquor that was stolen in the course of the burglary. To sustain the conviction for petit theft in the first degree, the State was

---

[1] See § 810.02(4), Fla. Stat. (2017) (enhancing burglary of an unoccupied structure from a third-degree felony to a second-degree felony "if the burglary is committed within a county that is subject to a state of emergency declared by the Governor under chapter 252 after the declaration of emergency is made and the perpetration of the burglary is facilitated by conditions arising from the emergency.")

required to present evidence that the value of the liquor stolen during the burglary was $100 or more. See § 812.014(2)(e), Fla. Stat. (2017) (providing that "if the property stolen is valued at $100 or more, but less than $300, the offender commits petit theft of the first degree"); Contes v. State, 190 So. 3d 198 (Fla. 3d DCA 2016); A.D. v. State, 30 So. 3d 676 (Fla. 3d DCA 2010).

Upon our review of the record, we agree with the State's proper and commendable confession of error. In the absence of any evidence of value, the trial court should have granted Wade's motion and reduced the third-degree grand theft charge to petit theft in the second degree, a second-degree misdemeanor. See § 812.014(3)(a), Fla. Stat. 2017 (providing in pertinent part: "Theft of any property not specified in subsection (2) is petit theft of the second degree and a misdemeanor of the second degree . . ."); Fla. R. Crim. P. 3.620 (providing: "When the offense is divided into degrees or necessarily includes lesser offenses and the court, on a motion for new trial, is of the opinion that the evidence does not sustain the verdict but is sufficient to sustain a finding of guilt of a lesser degree or of a lesser offense necessarily included in the one charged, the court shall not grant a new trial but shall find or adjudge the defendant guilty of the lesser degree or lesser offense necessarily included in the charge, unless a new trial is granted by reason of some other prejudicial error.")

We affirm the judgment and sentence for burglary. We reverse the judgment and sentence for first-degree petit theft and remand for the trial court to enter judgment and sentence for second-degree petit theft, a second-degree misdemeanor.