# Third District Court of Appeal

## State of Florida

Opinion filed March 1, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-398
Lower Tribunal No. 17-26083
_____

**Maria Mesa, et al.,**
Appellants,

vs.

**Citizens Property Insurance Corporation,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

Giasi Law, P.A., Melissa A. Giasi and Erin M. Berger (Tampa), for appellants.

Dutton Law Group, PA, and Rebecca Delaney and Scott W. Dutton (Tampa), for appellee.

Before EMAS, SCALES and LINDSEY, JJ.

SCALES, J.

In this first-party property insurance case, appellants Maria Mesa and Roxana De Leon ("Insureds"), the plaintiffs below, appeal a final judgment for appellee Citizens Property Insurance Corporation ("Citizens"), the defendant below, rendered after a jury found that rainwater damage suffered by Insureds' home was not covered under Insureds' property insurance policy with Citizens. Underlying the jury's verdict was a policy provision excluding coverage for a loss caused by rainwater unless a covered peril first damaged the home causing an opening in the home's roof through which the rainwater entered. Because Citizens' primary rebuttal evidence supporting the jury's verdict on this pivotal fact issue was the inadmissible hearsay testimony from Citizens' corporate representative who, admittedly, had no personal knowledge of the facts about which she was allowed to testify, and because we are unable to conclude that such error was harmless, we are compelled to reverse the judgment and remand for a new trial.

## I.    RELEVANT BACKGROUND

Citizens issued a property insurance policy for Insureds' home for the policy period between June 24, 2017, and June 24, 2018. The policy provided coverage for a physical loss to the dwelling but, as relevant here, excluded coverage for "loss . . . [c]aused by . . . [r]ain . . . unless a covered

peril first damages the building causing an opening in a roof . . . and the rain . . . enters through this opening." On July 16, 2017, Insureds' home was damaged when rainwater entered through the home's roof and damaged the home's interior.

Insureds reported the loss to Citizens and, on August 1, 2017, Citizens' field adjuster inspected the property. The field adjuster took photographs of the roof and prepared a report that documented the field adjuster's findings. Based solely on the field adjuster's documentation of wear and tear, and the field adjuster's determination that there was no wind-created opening in the roof, Citizens denied coverage for the claim on August 14, 2017.

On November 9, 2017, Insureds filed this first-party action against Citizens in the Miami-Dade County circuit court seeking coverage for their loss. Citizens' amended answer and affirmative defenses denied that there was coverage, in part, based on the above referenced policy exclusion. The trial court held a three-day jury trial on November 1-3, 2021. The primary issue at trial was whether, on July 16, 2017, wind (the covered peril) had created an opening in the insured home's roof through which the rainwater then entered.

To this end, both sides presented expert testimony from a meteorologist and an engineer. Insureds also presented the testimony of

3

their public adjuster, who had inspected the property on November 21, 2019, nearly two years after the loss. Importantly, Citizens' field adjuster did not testify at trial. Nor did Citizens seek to introduce the field adjuster's report into evidence as a business record. Rather, Citizens presented the testimony of Alicia Wright, who identified herself as "the corporate representative for Citizens." Wright testified that she had reviewed the claim file and, as "the voice of Citizens," had "come to advise [the jury] what happened throughout the claim."

Over Insureds' counsel's objection that "the witness does not have personal knowledge," the trial court permitted Wright to testify as to the contents of the field adjuster's report. Specifically, Wright testified that, after viewing the field adjuster's photos (that were admitted at trial) and the field adjuster's "documented . . . findings within the file" – including documentation of "wear and tear, prior repairs to the roof, deteriorated areas on the roof[,] . . . water pooling on the roof" and "no evidence of wind damage to the roof" – Citizens had agreed with the field adjuster's determination that "during his inspection, he didn't find any covered loss to the roof."

At the close of the evidence and consistent with the subject policy exclusion, the trial court instructed the jury that "Plaintiffs have the burden of proof by the greater weight of the evidence that their property incurred a

direct physical loss for a covered peril on July 16, 2017 and that a covered peril caused an opening in the roof which allowed rain to enter and that opening caused damage to the interior of the property." The jury returned a verdict in favor of Citizens. Insureds thereafter filed a motion for new trial arguing, among other things, that a new trial was warranted because the trial court erred in permitting Wright, over the objection that Wright lacked personal knowledge, to testify as to the contents of, and relay to the jury the opinions contained within, the field adjuster's report. The trial court denied the motion for new trial and entered the challenged judgment that Insureds have timely appealed.

**II. ANALYSIS**[1]

*A. Inadmissible Hearsay Testimony*

We agree with Insureds that the trial court abused its discretion by permitting what was clearly inadmissible hearsay testimony from Citizens' corporate representative, Alicia Wright. See §90.604, Fla. Stat. (2021) ("Except as otherwise provided in s. 90.702, a witness may not testify to a matter unless evidence is introduced which is sufficient to support a finding

---

[1] "Our standard of review on a trial court's evidentiary rulings is abuse of discretion." Philip Morris USA, Inc. v. Ledoux, 230 So. 3d 530, 536 (Fla. 3d DCA 2017). We also review the trial court's denial of a motion for new trial for an abuse of discretion. Id. at 538.

that the witness has personal knowledge of the matter."); § 90.801(1)(c), Fla. Stat. (2021) ("'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."). Indeed, in its answer brief, Citizens seems to concede the error, citing as authority for the testimony only Florida Rule of Civil Procedure 1.310(b)(6).[2] While this rule permits a corporation to designate an individual to appear at a deposition to "testify about matters known or reasonably available to the organization," Id., Citizens cites to no authority that this discovery rule is tantamount to a trial hearsay exception.

---

[2] Governing "Depositions Upon Oral Examination," rule 1.310 provides, in relevant part:

> **(b) Notice; Method of Taking; Production at Deposition.**
>
>     . . . .
>
> (6) In the notice a party may name as the deponent a public or private corporation, a partnership or association, or a governmental agency, and designate with reasonable particularity the matters on which examination is requested. The organization so named must designate one or more officers, directors, or managing agents, or other persons who consent to do so, to testify on its behalf and may state the matters on which each person designated will testify. The persons so designated must testify about matters known or reasonably available to the organization. This subdivision does not preclude taking a deposition by any other procedure authorized in these rules.

Fla. R. Civ. P. 1.310(b)(6).

In fact, it is well established that a trial court reversibly errs by allowing a witness to testify as to the contents of a business record when the business record itself is not entered into evidence. See Mace v. M&T Bank, 292 So. 3d 1215, 1220 ( Fla. 2d DCA 2020) ("[T]he Bank did not present any testimony by a witness with personal knowledge that the [default] letter was mailed. . . . [Rather,] any information she did have came from conversations she had with someone . . . and her review of Bank records that were not offered or admitted into evidence. It should go without saying (1) that testimony by a witness without personal knowledge is inadmissible, and (2) that testimony based on what other people or documents say, when offered for the truth of the matter, is hearsay and, when unaccompanied by any showing that an exception to the hearsay rule applies, is inadmissible.") (citations omitted); Roberts v. Direct Gen. Ins. Co., 337 So. 3d 889, 891 (Fla. 2d DCA 2022) ("But '[w]hile the business-records exception . . . allows the admission of '[a] memorandum, report, record, or data compilation,' it does not authorize hearsay *testimony* concerning the contents of business records which have not been admitted into evidence." (quoting Thompson v. State, 705 So. 2d 1046, 1048 (Fla. 4th DCA 1998))).

Absent Citizens' introduction of its field adjuster's report at trial as a business record, Wright was only competent to testify from her personal

7

knowledge of the condition of the home's roof. See Roberts, 337 So. 3d at 892 ("Because Direct General did not offer any records from the underwriting file, the trial court's reliance on the business records exception in establishing the admissibility of Robison's deposition testimony was misplaced. Nevertheless, we affirm the trial court's entry of final summary judgment based on our conclusion that Robison's testimony was admissible because she was competent to testify from personal knowledge. Robison is the manager of Direct General's underwriting department, and her testimony reflected her familiarity with Direct General's underwriting guidelines, the program used to calculate insurance premiums, and the process for running additional premium quotes. And prior to her deposition, she reviewed the underwriting file in this case. This provided a sufficient basis for Robison to testify from personal knowledge on this issue.") (citations and footnote omitted). Citizens did not seek to establish that Wright possessed such personal knowledge at trial, nor did Wright's testimony reveal that she was testifying based on personal knowledge;[3] therefore, the trial court erred by

---

[3] When asked, at trial, to explain her role as Citizens' corporate representative, Wright testified that "throughout the claim process, there may be many individuals that review the claim, adjust the claim, things of that nature" and that "instead of calling all of those individuals in, I'm more of the voice of Citizens and I come to advise [the jury] what happened throughout the claim."

permitting Wright's testimony as to the contents of, and opinions contained within, the field adjuster's report.

*B. Harmless Error Analysis*

We also do not see how the trial court's error in permitting Wright's hearsay testimony was harmless. See § 59.041, Fla. Stat. (2021); R.J. Reynolds Tobacco Co. v. Hamilton, 316 So. 3d 338, 342 (Fla. 4th DCA 2021) ("Errors in evidentiary rulings in civil cases are subject to harmless error analysis."). "To test for harmless error [in a civil case], the beneficiary of the error has the burden to prove that the error complained of did not contribute to the verdict. Alternatively stated, the beneficiary of the error must prove that there is no reasonable possibility that the error contributed to the verdict." Special v. W. Boca Med. Ctr., 160 So. 3d 1251, 1256 (Fla. 2014). "As the appellate court evaluates whether the beneficiary of the error has satisfied its burden, the court's obligation is to focus on the effect of the error on the trier-of-fact and avoid engaging in an analysis that looks only to the result in order to determine harmless error." Id.

At trial, the parties agreed that the subject "policy was in effect when the loss was incurred," and that a policy "exclusion applied as the loss occurred due to rain causing water damage to the interior of the home." Empire Pro Restoration, Inc. v. Citizens Prop. Ins. Corp., 322 So. 3d 96, 98

9

(Fla. 4th DCA 2021). Insureds, therefore, bore the trial burden of establishing an exception to the policy exclusion for there to be coverage for their loss, i.e., that a covered peril (wind) caused an opening in the roof of their home through which the rainwater entered. Id.; see also Fla. Windstorm Underwriting v. Gajwani, 934 So. 2d 501, 506 (Fla. 3d DCA 2005) (recognizing, with respect to a similar policy provision, that "the insured has the burden to prove an exception to an exclusion contained within an insurance policy").

Citing to "conflicting testimony from two or more witnesses as to whether [Insureds] had suffered a covered loss," Citizens' answer brief tacitly concedes that Insureds – through the testimony of Insureds' expert witnesses and their public adjuster – presented sufficient evidence below to submit this coverage issue to the jury. We agree. Tellingly absent, though, from Citizens' briefing to this Court is *any* argument suggesting that the erroneous admission of Wright's hearsay testimony was harmless in light of Insureds' evidence. We conclude that, on the facts of this case, the erroneous admission of Wright's hearsay testimony was not harmless.

Insureds' property incurred water damage on July 16, 2017. Citizens' field adjuster inspected the roof on August 1, 2017. Citizens denied the claim on August 14, 2017. According to Wright's testimony, Citizens denied the

10

claim based *solely* on the field adjuster's determination that the roof had wear and tear and that wind did not create an opening in the roof that allowed the rainwater to enter the property's interior. While Citizens did present expert witnesses at trial to support its argument that there was no wind-created opening in the roof, those experts did not have the opportunity to inspect the roof near the time that Insureds made their claim[4] and their expert opinions did not have an impact on Citizens' decision to deny the claim. On this record, Citizens failed to prove that there is no reasonable possibility that Wright's hearsay testimony contributed to the jury verdict in Citizens' favor. See Hamilton, 316 So. 3d at 342-43 (concluding that the erroneous admission of hearsay testimony was not harmless because, "considering the strong evidentiary value of Mrs. Hamilton's statement, it cannot be said there is no reasonable possibility that the error contributed to the verdict").

---

[4] At trial, Citizens introduced the deposition testimony of the roofer whom Insureds had hired to repair the roof near the time that Insureds discovered the roof leak. At his deposition, the roofer testified to the general condition of the roof, the location of the leak, and the roof repairs that he had performed. Aside, however, from a vague question asking whether "there was damage from some sort of storm," – the roofer answered "no" – the roofer was not asked to explain the basis for his "no" answer or whether the roof had a wind-created opening. This vague deposition testimony did not render harmless the erroneous introduction of Wright's testimony.

We are therefore compelled to reverse the final judgment for Citizens and remand for a new trial.[5]

Reversed and remanded.

---

[5] Given our resolution, we need not, and therefore do not, reach the other appellate issues raised by Insureds.