DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

———————————————

T.V.U.,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2023-2804

———————————————

February 12, 2025

Appeal from the Circuit Court for Pinellas County; Patrice Moore, Judge.

Blair Allen, Public Defender, and Jeri Delgado, Assistant Public Defender, Bartow, for Appellant.

John M. Guard, Acting Attorney General, Tallahassee, and Cerese Crawford Taylor, Assistant Attorney General, Tampa, for Appellee.


ROTHSTEIN-YOUAKIM, Judge.

T.V.U. appeals from a disposition order finding that she committed the delinquent act of grand theft.[1]  Because the trial court erroneously admitted testimony about the contents of an unadmitted business

_____

[1] The court withheld adjudication.  *See* § 985.35(4), Florida Statutes (2023) ("If the court finds that the child named in the petition has committed a delinquent act or violation of law, it may, in its discretion, enter an order stating the facts upon which its finding is based but withholding adjudication of delinquency.").

record, we reverse the disposition order and remand for a new adjudicatory hearing.[2]

T.V.U., a former Walmart cashier, was charged with stealing between $10,000 and $20,000 from various cash registers she had operated. At her adjudicatory hearing, the State called Gregory Wilson, a Walmart Asset Protection Investigator, who testified that the store maintained "long and short" reports. Those reports, he explained, were computer printouts that showed how much money a given register should have and how much money had ultimately been collected from it. Without admitting those printouts into evidence and over T.V.U.'s objection, the trial court permitted Wilson to testify that based on his review of those printouts, he discovered that T.V.U.'s registers had been more than $13,000 short.

"We review the admission of evidence for abuse of discretion." *Baez-Ortiz v. State*, 311 So. 3d 151, 154 (Fla. 2d DCA 2020). That discretion, however, "is limited by the rules of evidence and controlling decisions interpreting them." *Roop v. State*, 228 So. 3d 633, 639 (Fla. 2d DCA 2017); *see* § 985.35(2), Fla. Stat. (2023) ("Adjudicatory hearings shall be conducted without a jury by the court, applying in delinquency cases the rules of evidence in use in criminal cases . . . ."). And even if we conclude that a trial court has erroneously admitted evidence, we review whether the error was harmless beyond a reasonable doubt. *See, e.g., Bullington v. State*, 311 So. 3d 102, 109 (Fla. 2d DCA 2020).

"Except as provided by statute, hearsay evidence is inadmissible." § 90.802, Fla. Stat. (2023). Although section 90.803(6) permits the

---

[2] We reject without further discussion T.V.U.'s challenge to the authentication of a store surveillance video, concluding that the State laid sufficient foundation for its admission.

admission of business records under certain circumstances, testimony of a business record's contents may not be introduced when that record has not been admitted into evidence. *See Ivy Chase Apartment Prop., LLC v. Ivy Chase Apartments, Ltd.*, 352 So. 3d 33, 40 (Fla. 2d DCA 2022) ("[T]he trial court abused its discretion by overruling the Debtors' hearsay objections to Mr. Geigle's testimony and permitting his testimony about the amounts due and owing based on Elizon's business records, which were not admitted into evidence."); *Sas v. Fed. Nat'l Mortg. Ass'n*, 112 So. 3d 778, 779 (Fla. 2d DCA 2013) ("[T]he trial court abused its discretion in allowing [the plaintiff's litigation specialist] to testify over objection about the contents of [the plaintiff's] business records to prove the amount of debt without having first admitted those business records."); *Thompson v. State*, 705 So. 2d 1046, 1048 (Fla. 4th DCA 1998) ("[T]he business-records exception to the hearsay rule . . . does not authorize hearsay *testimony* concerning the contents of business records which have not been admitted into evidence.").

Here, Wilson testified that he learned T.V.U.'s registers had been more than $13,000 short after referring to a computer printout. Because that printout was never admitted into evidence and Wilson never testified to having counted the register's money himself, the trial court abused its discretion by admitting that testimony. *See Richardson v. State*, 875 So. 2d 673, 675–77 (Fla. 1st DCA 2004) (reversing robbery conviction and remanding for new trial because the only evidence of the amount of cash taken from the register was the testimony of the store's director of operations based not on her personal knowledge but on the contents of a record that was never introduced into evidence); *see also A.S. v. State*, 91 So. 3d 270, 271 (Fla. 4th DCA 2012) ("Because the actual estimate [of the amount of damage to a vehicle] was not admitted into evidence, the

testimony concerning its contents should have been stricken."); *Cofield v. State*, 474 So. 2d 849, 851 (Fla. 1st DCA 1985) (holding that because "Wiggins' testimony was based entirely on the computer printout information, it must be considered hearsay," which the trial court erroneously admitted into evidence).

Further, admission of this testimony was not harmless beyond a reasonable doubt because it was the sole evidence of how much money had been stolen. *See D.J.S. v. State*, 242 So. 3d 448, 449 (Fla. 2d DCA 2018) ("As this was the sole evidence presented as to value, without it the State failed to present competent substantial evidence of that element of the grand theft allegation."); *Thompson*, 705 So. 2d at 1048 ("Because the testimony concerning the bill of lading was . . . the sole evidence of the value of the missing goods, we conclude that the erroneous admission of this testimony was not harmless beyond a reasonable doubt."); *Cofield*, 474 So. 2d at 851 (concluding that the court's erroneous admission of hearsay was harmful given that "no other competent evidence" established the value of the stolen goods). Accordingly, we reverse the disposition order and remand for a new adjudicatory hearing.[3]

Reversed and remanded with directions.

NORTHCUTT and SILBERMAN, JJ., Concur.

---

[3] Although T.V.U. requests discharge from her disposition order and sentence, a new adjudicatory hearing is instead appropriate here. *See Lockhart v. Nelson*, 488 U.S. 33, 40 (1988) (holding that "the Double Jeopardy Clause allows retrial when a reviewing court determines that a defendant's conviction must be reversed because evidence was erroneously admitted against him, and also concludes that without the inadmissible evidence there was insufficient evidence to support a conviction"); *see also Pacheco v. State*, 698 So. 2d 593, 596 (Fla. 2d DCA 1997).

Opinion subject to revision prior to official publication.